### ECHOLS *vs.* HEAD & COMPANY.

There is no vendor's lien in Georgia. The right to attach for purchase money is a privilege, not a lien.

(*a.*) Therefore, a note with personal security having been given for the purchase money of a horse, that the vendor subsequently bought back the horse and thereby destroyed his right to attach, did not release the surety on the note.

Principal and Surety. Liens. Attachment. Vendor and Purchaser. Before Judge ERWIN. Clarke Superior Court. May Term, 1881.

Reported in the decision.

J. W. ECHOLS; POPE BARROW, for plaintiff in error.

S. P. THOMAS; L. W. THOMAS, for defendant.

SPEER, Justice.

Head & Co., brought their suit on a note in a justice's court against John Austin, as principal, and Joseph H. Echols, security. An appeal was taken by Echols from the justice's court to the superior court. Under the charge of the court and evidence submitted, a verdict was had in favor of the plaintiffs. Defendant Echols made a motion for a new trial, which was refused by the Court, and he excepted.

The ground of complaint relied upon in this Court was an alleged error in the charge of the court in the following language:

" The defendant, Echols, further insists that he has been discharged from all liability on said note by the act of the creditor in buying back the horse in question from the principal debtor, Austin, for the reason that the right of attachment for the purchase money was thereby desstroyed by the act of the creditor, and insists that his right of attachment was a security for the collection of the debt which the creditor was bound to hold for the benefit of the surety, would perhaps be sound if this right of attaching for the purchase money gave the creditor a prior lien upon the property attached, to the exclusion of other liens of older date than the levy of the attachment. But inasmuch as this lien dates only from the date of the levy of the attachment, this right is not such a security as the law means when it provides for the discharge of a surety by the surrender of a security held by the creditor. The act therefore of the creditor in buying back this horse from the principal, if he did so, is not such an act as would discharge the surety, upon the ground that the holder of the note has discharged

or surrendered a security which he held for the payment of the debt."

After carefully looking through the record and the evidence submitted, we are of opinion that the charge of the court was correct, and the law of the case under the proofs submitted.

The view insisted upon by the counsel for plaintiff in error, and so earnestly pressed, is, that inasmuch as these defendants in error purchased of the principal, Austin, the horse which was the consideration for the note sued on, they thereby deprived themselves of the legal right to sue out an attachment for the purchase money against the property, and this was an act that increased the risk of the security and discharged him. The error of this view consists in the fact that under our law a vendor has no lien for the purchase money, on personalty, superior to older liens. The law gives him the right to attach for the purchase money, but no preferred lien is given him that gives him a priority. There was no security surrendered here, for the law gave him none. The case relied upon by counsel from the Louisiana Reports would be in point if a creditor had a lien for the purchase money in this state, as they have in Louisiana. There, such a transaction was held to discharge the surety, because he surrendered in the re-purchase of the property the lien which the law gave him, and which he was bound to hold for the protection of the security, as well as for himself. The failure of a creditor to preserve a lien which he had on property of the principal debtor was held to discharge a surety. For instance, where a creditor failed to record a mortgage within the time prescribed it was held to operate as a discharge of the surety. 27 *Ga.*, 428. But a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety. Code, §2154.

If sureties desire a creditor to be diligent the law clothes

them with power to press him to his duty, and if he fails or refuses the surety is released. But mere delay to sue alone when he has not been notified brings no such relief.

Let the judgment below be affirmed.