| 109 | 145 |
| 22 SC | ²635 |

# May *versus* Merchants & Mechanics Bank.

1. A maker of a judgment note containing a waiver "of all rights under the bankrupt laws of the United States," is not thereby estopped from setting up a subsequent discharge in bankruptcy as a defence to his liability.

2. A debtor gave his creditor a promissory note with confession of judgment in which he waived "all rights under the exemption laws of the Commonwealth of Pennsylvania, and all bankrupt laws of the United States, which are now in force or that may be hereafter in force," and judgment was at once entered thereon. Some time after the debtor became bankrupt, and after various proceedings received his discharge in

13 OUTERBRIDGE—10

bankruptcy, to the granting of which the judgment creditor, though notified, made no objection. During the bankruptcy proceedings an attachment execution issued on the judgment, and the defendant, after obtaining his discharge, pleaded that fact in bar:

*Held*, that the waiver contained in the promissory note was contrary to public policy and therefore void.

*Held, further*, that the judgment creditor having been notified and having had an opportunity of objecting to the discharge, of which he did not avail himself, the order of discharge by a court having exclusive jurisdiction of the subject was absolutely conclusive of any question that could have arisen on a waiver given in anticipation of bankruptcy, and by its effect the personal obligation of the defendant was completely extinguished.

February 25th, 1885.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna county:* Of January Term 1885, No. 277.

Attachment execution sur judgment, issued by the Merchants and Mechanics Bank of Scranton against M. D. May, defendant, and the Third National Bank of Scranton, garnishee. Plea of the defendant, discharge in bankruptcy.

The facts, as they appeared on the trial, before HAND, J., were as follows: On February 9th, 1877, the defendant gave to the Merchants and Mechanics Bank a promissory note containing a confession of judgment, to the following effect:—

$1,030.                    SCRANTON, Pa., Feb. 9th, 1877.

Ten days after date I promise to pay to the Merchants and Mechanics Bank, or bearer, the sum of ten hundred thirty dollars with interest, without defalcation or stay of execution; and do hereby confess judgment for the said sum with interest, costs of suit, and with ten per cent. additional as attorney's commissions; and with a release of all errors, waiving the right of appeal and waiving inquisition on real estate, and confess condemnation on real estate, and do hereby further waive all rights under the exemption laws of the Commonwealth of Pennsylvania, and all bankrupt laws of the United States, which are now in force or that may be hereafter in force; and do hereby agree that this note shall be negotiable and subject to same rules governing commercial paper, without equities as if it contained no confession of judgment.

M. D. MAY.

On the following day judgment was entered on this note in the Common Pleas of Luzerne county, of which, after the division of that county, an exemplified copy was filed on January 2d, 1879, in the Common Pleas of Lackawanna county, and entered to No. 738, February Term, 1879.

On August 26th, 1878, the defendant became a bankrupt

and, after due proceedings, on June 13th, 1883, received his discharge in bankruptcy from the United States District Court for the Western District of Pennsylvania by which he was "forever discharged from all debts and claims, made provable against his estate, and which existed on the twenty-sixth day of August, A. D. 1878, on which day the petition for adjudication was filed by him ; excepting such debts, if any, as are by law excepted from the operation of a discharge in bankruptcy."

On May 5th, 1882, while the bankruptcy proceedings were pending, the plaintiff in the above judgment issued this attachment execution thereon, summoning the Third National Bank of Scranton as garnishee. The plaintiff made no objection whatever to the granting of the discharge in bankruptcy, which discharge the defendant pleaded on March 1st, 1884.

The court charged as follows : " The question in this case is raised solely between the plaintiff and the defendant, M. D. May. The defendant is obliged to plead bankruptcy in order to have the benefit of it. [We consider the agreement made in this case in the note as a covenant not to enter the plea of bankruptcy as regards this note, and that such a covenant is good as between the parties.] We do not consider that this affects in any way the principles of the bankrupt law nor the creditors of M. D. May, who are affected by the bankrupt law. It is possible that such a waiver as this may exclude the note from any participation in the effects of the bankrupt as administered under the laws of the United States. [We do not consider it excludes him from the benefit of the waiver made at the time it was made, and if it is a covenant he could not enter the plea of bankruptcy in a proceeding upon this note. We therefore hold that the plaintiff is entitled to recover in this case, and direct a verdict in favor of the plaintiff. You will render your verdict in favor of the plaintiff for the balance due upon this note]." A verdict was accordingly given for the plaintiff in the sum of $1,080.89, the full amount due on the original judgment, less $21.17 usury, stricken out by the Common Pleas of Luzerne county, and $189.59, credited on the judgment in Lackawanna county from a sheriff's sale of defendant's real estate. Judgment was entered accordingly.

Defendant thereupon took this writ of error, assigning for error the portions of the charge of the court included in brackets.

*D. W. Connolly* and *Davis* (*Willard* and *Warren* with them), for plaintiff in error.—A judgment creditor of a bankrupt may retain his lien against the debtor's estate, but the latter on receiving his discharge is released from all personal liability from claims which were or might have been proven against the

estate: Rev. St. U. S., secs. 5075, 5119; Tinstman *v.* Flenniken, 6 W. N. C., 29. The effect of a discharge is to extinguish all debts, those created by law, judgments as well as others. The parties cannot agree that such a debt is to be above and beyond the law. The only distinction between a waiver of rights subsequently acquired, as here, and a promise to disregard the rights made after they have been acquired is one of time. Yet a promise made subsequent to a discharge in bankruptcy does not revive the debt, but is alone a new cause of action: Bolton *v.* King, 9 Out., 78; Field's Estate, 2 Rawle, 351; Reeside *v.* Hadden, 2 Jones, 243; Ott *v.* Perry, 1 Phila., 77. To support such a waiver is against public policy and is to allow every debtor in effect to repeal the Bankrupt Act.

*Lemuel Amerman*, for defendant in error.—The plaintiff in error has waived his right to an appeal or a writ of error. A writ taken out contrary to such an agreement should be quashed: Wright *v.* Nutt, 1 T. R., 388; Galbreath *v.* Colt, 4 Yeates, 551; Commonwealth *v.* Johnson et al., 6 Barr, 136; Watson et al. *v.* Wetter et al., 10 Nor., 385. The issue here being on the clause of sci. fa. in the attachment execution, only such pleas may be taken advantage of as might have been pleaded in a sci. fa. post annum et diem. A discharge in bankruptcy cannot be pleaded in bar to a sci. fa.: Ogilsby *v.* Lee, 7 W. & S., 445; Wise's Appeal, 3 Out., 193; Adams's Appeal, 5 Out. 471. Any person for a fair consideration may waive a personal privilege or private right. A discharge in bankruptcy is such a privilege. It must be pleaded to an action. The plaintiff in error has here waived it expressly: Jenks *v.* Opp, 12 Nat. Bankruptcy Register, 19; Wise's Appeal, supra. It is not opposed to public policy to admit the validity of this waiver. The public at large are not injured by an agreement beyond a contingency to pay a debt, nor are the particular creditors, as their dividend is increased thereby.

Mr. Justice STERRETT delivered the opinion of the court, May 25th, 1885.

Our process of attachment execution is necessarily against the defendant in the judgment as well as the garnishee. If duly served it is the duty of each, respectively, to appear and present his defence, if he has any. Two separate and distinct issues may thus be formed, one as to the defendant in the judgment and the other as to the garnishee. The former may plead payment, or any other matter of defence, to the judgment, that would be available on a scire facias to revive the same. In this case issue was joined on special plea of defendant below, setting up his discharge in bankruptcy as an

extinguishment of personal liability for the debt evidenced by the judgment, and therefore a bar to the attachment. His contention was that the original debt, merged in judgment before proceedings in bankruptcy were commenced, was provable against his estate, and hence his personal obligation to pay the same was wholly extinguished by the subsequent order of the District Court of the United States forever discharging him from all provable debts and claims existing on the day his petition for adjudication as a bankrupt was filed in that court. The facts of which this proposition is predicated were not disputed. The judgment note was given and judgment entered thereon before defendant's petition in bankruptcy was filed, and subsequently the attachment execution was issued. The debt was clearly provable under the bankrupt law; but, if plaintiff was willing to rely on the lien of his judgment, he was not bound to prove it against the bankrupt's estate. If, however, for any such reason he declined to prove it, the defendant was nevertheless discharged from personal obligation to pay it, as fully as if the claim had been proved generally against his estate. It follows, therefore, from the undisputed facts, in regard to the nature and character of the claim, that the personal obligation of defendant below was extinguished by the discharge, unless it was preserved and continued in full force by virtue of the waiver, contained in the judgment note, in the words following, to wit: "And do hereby further waive all rights under the exemption laws of the Commonwealth of Pennsylvania, and all bankrupt laws of the United States which are now in force or that may be hereafter in force."

It was virtually conceded in the court below that if it were not for the waiver the discharge in bankruptcy would be a complete defence to the proceeding. The question therefore is, did the waiver above quoted keep alive defendant's personal obligation to pay the debt, notwithstanding his discharge as a bankrupt? The learned judge, considering the waiver effective for that purpose, substantially instructed the jury that it was in the nature of a covenant, on the part of defendant, not to interpose his discharge as a defence either to the note or the judgment in, which it was merged; and, therefore, directed a verdict in favor of plaintiff for the balance claimed to be due. If this construction is unwarranted, the error was radical and the judgment must be reversed.

The power delegated to the general government to establish "uniform laws on the subject of bankruptcies throughout the United States" is grounded on considerations of public policy, supposed to be promotive of the greatest good of the greatest number rather than the strictly personal benefit of

[Griffin's Appeal.]

any individual or class; and hence we think it is contrary to that policy to permit importunate creditors to exact from embarrassed debtors, who are always more or less in their power, a waiver of the benefits intended to be secured by beneficent legislation, and that too in advance of actual insolvency and in anticipation of the circumstances which would entitle them to the benefits, not intended for themselves alone but for the community at large. To recognize such waivers as effective would to some extent interfere with the practical operation of a general bankrupt law such as was recently in force, and perhaps enure to the benefit of some individuals at the expense of others.

But, aside from this, the waiver was not interposed in time. When defendant below applied for his discharge under the bankrupt law, all his creditors, including the plaintiff, were notified and had an opportunity of objecting to his discharge; but no objection was interposed, and the court having exclusive jurisdiction of the subject ordered his discharge. That absolved the bankrupt from all debts provable against his estate and claims existing on the day his petition for adjudication was filed. The validity of that decree cannot now be questioned. The matter is *res adjudicata* and cannot be reviewed in this collateral proceeding.

For the reason that the waiver is contrary to public policy and therefore void, and for the further reason that the order of discharge in bankruptcy is absolutely conclusive of any question that could have arisen on a waiver given in anticipation of bankruptcy, the several assignments of error are sustained.

Judgment reversed.