## Claster, Appellant, *v.* Soble.

*Bankruptcy—Judgment note—Provable claim.*

Where a creditor of a bankrupt, holding a judgment note with a waiver of exemption, does not present it in bankruptcy proceedings, although he has knowledge of such proceedings, and in fact proves other claims, he cannot thereafter enter up the judgment note, and enforce the judgment against the bankrupt or against goods set apart by the trustee in bankruptcy, to the bankrupt under his claim for exemption under the bankrupt law.

Argued Feb. 9, 1903.   Appeal, No. 1, Feb. T., 1903, by plaintiff, from order of C. P. Clinton Co., May T., 1901, No. 199, striking off judgment in case of Harris Claster & Company v. John J. Soble.   Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ.   Affirmed.

Rule to strike off the judgment and fieri facias.   Before MAYER P. J.

From the record it appeared that on February 4, 1901, defendant presented his petition to the district court of the United States for the western district of Pennsylvania, and was duly adjudged a bankrupt.   At the time he filed his petition in bankruptcy, he accompanied it with a claim for his exemption under the act of April 9, 1849.   Under this claim the trustee in bankruptcy had an appraisement made, and set apart to the bankrupt $300 of personal property.

At the time the defendant Soble was adjudged a bankrupt, Harris Claster & Company held his judgment note dated September 10, 1900.   This judgment note contained a waiver of the exemption laws, and was held by them as collateral security for their indorsement of a promissory note of the said

Soble of like amount and like date.    Payments were made upon this promissory note at various times, which reduced it to the sum of $100, 'for which a promissory note was given by the defendant to the plaintiffs, dated January 10, 1901.    On April 22, 1901, Harris Claster & Company entered this judgment note of the defendant in the court of common pleas of Clinton county, to No. 199, May term, 1901, and took judgment for $108.90, being the amount of said promissory note of $100, protest fees and attorney's commission of five per cent.    Upon this judgment, a writ of fieri facias was issued on April 22, 1901, and the personal property of the defendant Soble was levied upon by the sheriff, being the goods and property which had been set apart to the defendant Soble by the trustees in bankruptcy.

The court in an opinion by MAYER, P. J., made the rule absolute.

The court entered the following orders :

1. And now, January 25, 1902, it is ordered that unless plaintiffs take an appeal to the Superior Court within twenty-one days, that the judgment and writ of fi. fa. will be stricken off.

2. It is now, February 8, 1902, ordered and decreed, as of January 25, 1902, that said judgment be stricken off, and said writ of fi. fa. set aside ; that the sheriff is to retain the money in his hands to allow the plaintiffs to take an appeal to the Superior Court within twenty-one days, and if said appeal is not taken within said twenty-one days from January 25, 1902, then the money in the hands of the sheriff shall be paid over to the defendant in the judgment.

*Errors assigned* were the two orders of the court as above.

*C. S. McCormick,* for appellants.—The property set aside to the bankrupt was not exempt from execution under the judgment entered on note with waiver : In re H. A. & B. T. Camp, 1 Am. Bank. Rep. 179 ; In re Hatch, 4 Am. Bank. Rep. 349 ; In re Brown, 1 Am. Bank. Rep. 256 ; In re Bolinger, 6 Am. Bank. Rep. 171 ; Miller v. Black, 10 Pa. Dist. Rep. 255 ; May v. Merchants and Mechanics Bank, 109 Pa. 145 ; Rix v. Capitol Bank, 2 Dill. 367 ; In re Jackson, 8 Am. Bank. Rep. 594 ; Atkins v. Wilcox, 5 Am. Bank. Rep. 313 ; In re Ells,

3 Am. Bank. Rep. 564; In re Nowell, 3 Am. Bank. Rep. 837.

*T. C. Hipple*, for appellee.—There has been one complete and due adjudication by a court of competent jurisdiction, of Soble's right to the exempted property, in which court Claster & Company had full opportunity for a hearing, and it is manifest they had no remaining legal status or right to ignore said adjudication and reopen said question by undertaking to sell said exempted property, through execution process out of the court of common pleas of Clinton county based upon their said judgment note: In re Garden, 93 Fed. Repr. 423; In re Woodruff, 2 Am. Bank. Rep. 678; In re Sisler, 2 Am. Bank. Rep. 760; May v. Merchants and Mechanics Bank, 109 Pa. 145; Miller v. Black, 10 Pa. Dist. Rep. 255; Talbot v. Suit, 13 Atl. Repr. 356; Leonard v. Yohuk, 68 Wis. 587 (32 N. W. Repr. 702); Boynton v. Ball, 121 U. S. 457 (7 Sup. Ct. Rep. 981); Hubbell v. Cramp, 11 Paige, 310; Graves v. Wright, 53 Mich. 425 (19 N. W. Repr. 129).

OPINION BY BEAVER, J., May 4, 1903:

Plaintiffs held a bill single of the defendant, dated September 10, 1900, for $250, with power of attorney to confess judgment and a waiver of exemption and other privileges, as collaterial security for a note of like amount which they indorsed for defendant. Judgment having been entered thereon, defendant applied by petition to the court below to have it stricken off, alleging that the note held by plaintiffs, upon which the judgment entered was collateral, had all been paid, except $100, which was evidenced by a renewal note held by the original holders and which had been duly proved in proceedings in voluntary bankruptcy instituted by the defendant. It was also alleged in the petition that the plaintiffs had knowledge of the proceedings in bankruptcy and had proved other claims, which latter allegation was admitted in the answer.

On the hearing, the defendant produced a discharge in bankruptcy from the district court of the United States for the western district of Pennsylvania, the essential parts of which follow: " Whereas John J. Soble, of Clinton county, in said district, has been duly adjudged a bankrupt under the acts of

congress relating to bankruptcy and appears to have conformed to all the requirements of law in that behalf, it is, therefore, ordered by this court that said John J. Soble be discharged from all debts and claims which are made provable by said act against his estate and which existed on February 4, 1901, on which day the petition for adjudication was filed by him, ex- cept such debts as are by law excepted from the operation of a discharge in bankruptcy." There can be no doubt that the claim of the plaintiff, upon which judgment was entered, was a provable claim on the day on which the defendant made his application for the benefits of the bankrupt law. Did his dis- charge release him from personal liability thereon? A very cursory examination of the bankrupt law of 1898 will answer this question. In section 1, clause 12: "'Discharge' shall mean the release of a bankrupt from all his debts which are provable in bankruptcy, except such as are excepted by this act." Section 17 of said act is as follows: "Debts not af- fected by a discharge. (*a*) A discharge in bankruptcy shall re- lease a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer, or in any fiduciary capacity." It is very clear from these provisions, the plaintiffs having admitted that they had knowledge of the proceedings in bankruptcy, that the defendant was discharged from all personal liability under the note upon which the judg- ment was entered. It follows, of course, that the judgment had no validity and that all proceedings thereunder were ab- solutely void.

As to the general effect of a discharge in bankruptcy, we are not without authority in Pennsylvania. The decisions, al- though made under the act of 1867, are equally applicable to

the late act of 1898 : Williams v. Butcher, 1 W. N. C. 304 ; May v. Merchants and Mechanics Bank, 109 Pa. 145.

A discharge that did not discharge would be of no value whatever to a business man and, if a debt such as the one involved in this case could be enforced after a discharge in bankruptcy all the beneficent effects of the bankrupt law for business men and the community in general would be entirely lost.

As to the first assignment of error, the decree was not definitive, but it was cured by the subsequent decree to which the second assignment relates. The entire question is, therefore, disposed of under what we have said, which relates to the second assignment of error.

Judgment affirmed.