## HUDSON v. LAMAR, TAYLOR & RILEY DRUG COMPANY.

LAMAR, J. This case is controlled by the ruling in *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628, wherein it was held, that pending the bankruptcy proceedings the holder of a note containing a waiver of homestead has no remedy at law, but must enforce his rights arising from the waiver in a court of equity.

*Judgment reversed. All the Justices concur.*

Argued December 13, 1904.—Decided January 30, 1905.

Complaint on note. Before Judge Crisp. City court of Americus. March 25, 1904.

Lamar, Taylor & Riley Drug Company brought suit, in the city court of Americus, against J. R. Hudson on a promissory note for $1,630, dated December 20, 1902, due on demand, with provision for the payment of attorney's fees, and waiving for himself and family any and all homestead or exemption rights he may have by virtue of the constitution and laws of the State of Georgia or the United States. The defendant pleaded that the note was given in settlement of an account long past due, and not for a consideration given at the time it was signed, and that the homestead waiver was without consideration and void. For further plea he set up, that the plaintiff ought not to have and recover of the defendant, because on January 7, 1903, the plaintiff and two others instituted proceedings to have the defendant adjudged an involuntary bankrupt; that on January 21, 1903, the defendant was duly adjudged a bankrupt; that on February 3, 1903, at a meeting of the creditors the plaintiff proved its debt in the bankrupt court, and on March 19, 1903, filed before the referee its objections to the homestead assigned to the defendant by the trustee in bankruptcy, and on May —, 1903, the plaintiff filed a petition in the district court and obtained an allowance of $135 as attorney's fees for filing the proceedings in bankruptcy. There was a demurrer to the plea, and an agreed statement of facts, from which it appeared that the note was given for merchandise purchased of the plaintiff by the defendant; that at a meeting of the creditors it was agreed that the stock and assets be sold by the trustee, freed from all claims and liens, and these, including the bankrupt's claim of exemption, should attach to the proceeds; that the stock was sold for $1,400, and the sale was confirmed April 3, 1903; that on February 25, 1903, the trustee filed his report, setting apart as exempt the property described in

the bankrupt's claim for exemption; that the plaintiff objected to the report as against its debt, because of the waiver of homestead in the note; that the question raised by the objections is still undetermined in the bankrupt court; that on December 18, 1903, the bankrupt filed his petition for discharge; whereupon the plaintiff filed objections to the discharge, on the ground that it held the note in which the homestead had been waived, stating that it had entered a suit in the city court of Americus upon such note, for the purpose of subjecting the exemption; and that the plaintiff had given the notice required by law to entitle it to recover attorney's fees.    The case was submitted to the court without the intervention of a jury, and a judgment was entered for the plaintiff for principal, interest, and attorney's fees; to which the defendant excepted, because the judgment was contrary to law; because the plaintiff was not entitled to a judgment for more than the value of the homestead, nor to a judgment for attorney's fees, nor to a general judgment against the defendant; because the right of the plaintiff to enforce a waiver note was an equitable right of which the city court of Americus had no jurisdiction; because in any event the plaintiff could only be entitled to a judgment in rem against the exempt property; because the homestead waiver was without a present consideration given at the time that the note was signed, when the defendant was insolvent, and in contemplation of bankruptcy, and so known to the plaintiff, by reason whereof the waiver was a preference within the meaning of the bankrupt act, and therefore void.

*E. A. Hawkins*, for plaintiff in error.    *Lane & Park*, contra.