KELLER *v.* BOWEN & THOMAS.

BECK, J. Under the pleadings and evidence, the court committed no error in granting the injunction and appointing the receiver as prayed. The material facts being substantially the same as those involved in *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628, the rulings there made are controlling in the present case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided February 14, 1907.

Injunction, etc. Before Judge Parker. Glynn superior court. June 14, 1906.

Bowen & Thomas filed an equitable petition to restrain Keller from receiving from the trustee in bankruptcy property set apart to him as a homestead exemption in the court of bankruptcy, and prayed that a receiver be appointed to take charge of it "for the benefit of petitioners and other creditors of the said defendant, in the same class with petitioners," and for a judgment in rem against the property. It appears, from the pleadings, that on February 6, 1906, Keller executed and delivered to the petitioners a promissory note for $408.90 principal, containing a waiver of the rights to homestead and exemptions under the laws of Georgia and the United States; that on May 3, 1906, he filed a voluntary petition in bankruptcy in the district court of the United States, and that the trustee in bankruptcy set apart to him, as a homestead exemption, property of the value of $1,600, consisting of personal property valued at $50, and $1,550 in cash; that the plaintiffs had not proved their claim in the court of bankruptcy, and the defendant having been adjudicated a bankrupt, they could not bring a common-law action against him, and their only remedy was in a court of equity, in which they could secure a decree and judgment binding the homestead property, and have the property taken in charge by a receiver, so that it could not be disposed of by the defendant. The defendant filed a general demurrer, on the grounds, that the court had no jurisdiction to entertain the cause, and that the petition set out no cause of action, and no ground for equitable relief. In his answer the defendant alleged, that there were other outstanding notes against him, containing waiver of homestead rights, that "to allow the claim of petitioners to be paid out of said homestead fund to the exclusion of the others of said homestead notes of equal dignity . . would be . . inequitable," and that he "is now prepared, as he has been at all times, and desires to carry out his said purpose and intention to have said fund applied pro rata to the payment of said homestead-waiver notes," etc. On the hearing the court passed an order granting each of the prayers of the petition, and directing that the receiver "safely keep the said homestead property and estate subject to the further order of this court." The defendant excepted.

*Bennet & Conyers*, for plaintiff in error.  *D. W. Krauss*, contra.