## BOWEN & THOMAS *v.* KELLER.

Where a creditor without lien, who had notice of the proceedings in bankruptcy, held a debt dischargeable in bankruptcy, against which all exemption and homestead rights had been waived by the debtor who was adjudicated a bankrupt, and the creditor filed, before the bankrupt's discharge, a proceeding in equity to obtain a judgment in rem against property set apart as exempt by the trustee in bankruptcy, in which proceeding a receiver was appointed for such property and an interlocutory injunction granted against the debtor's interference with the property, it was proper, upon the trial of the case instituted by the creditor, to uphold the debtor's plea that his discharge, obtained pending the creditor's proceedings in equity, prevented the creditor from obtaining a judgment in rem against the exempted property and subjecting it to his debt.

Submitted October 16, 1907.—Decided January 31, 1908.

Equitable petition. Before Judge Parker. Glynn superior court. June 4, 1907.

*D. W. Krauss,* for plaintiffs in error.   *Bennet & Conyers,* contra.

HOLDEN, J. On the 6th day of February, 1906, the defendant gave to the plaintiffs a note wherein he waived all homestead and exemption rights. On the 3d day of May, 1906, the defendant filed a petition in bankruptcy, upon which he was adjudicated a bankrupt. The trustee in bankruptcy set apart to the defendant, as an exemption, property to the value of $50; and a certain amount in cash. Pending the bankruptcy proceedings, the plaintiffs filed a petition asking for a judgment in rem, subjecting to their debt the property set apart as exempt, obtained an interlocutory injunction against the defendant's interfering with the exemption, and the appointment of a receiver, to whom the property set apart as an exemption was turned over by the trustee. While this equitable proceeding was pending, the defendant was discharged in bankruptcy, and upon the trial of the case the court allowed an amendment offered by the defendant, setting up such discharge.

The evidence was as follows: The plaintiffs introduced the note of defendant to them, and proved that unless the fund in court, amounting to about $500, was turned over to them, they would lose their claim entirely, as the defendant had no other property. They had notice of the filing of the petition in bankruptcy, but did not attend any meeting of creditors, and did not prove their claim in the bankruptcy court. The defendant introduced a certified copy of his discharge in bankruptcy. At the conclusion of the evidence the court directed a verdict in favor of the defendant, dissolved the restraining order previously granted, discharged the receiver, and ordered that he pay over to the defendant the money which was set apart as an exemption. To these rulings the plaintiffs excepted, and bring the case here for review.

The title to property set apart as exempt does not pass to the trustee in bankruptcy, nor does he administer it as a part of the bankrupt's estate. It is his duty to turn over such property to the debtor, unless some appropriate proceedings are instituted to prevent this. Whenever creditors of a bankrupt seek, by action in a State court, to subject the exempted property to the payment of debts for which they claim it is liable, the bankruptcy court will withhold the granting of a discharge, for the purpose of enabling such creditors to enforce their rights in the State court, when the discharge of the debtor would be a bar to such enforcement. Collier on Bankruptcy (6th ed.), 96; *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150) ; Lockwood *v.* Exchange Bank, 190 U. S. 294 (23 Sup. Ct. 751, 47 L. ed. 1061). Pending the bankruptcy proceedings, a creditor can not maintain a suit at law against the debtor to obtain a judgment against him in personam; and the plaintiffs in this case properly brought their action on the equity side of the court, for the purpose of obtaining a decree in rem subjecting the property to their debt. *Bell* v. *Dawson Grocery Co.,* supra; *Hudson* v. *Drug Co.,* 121 *Ga.* 835 (49 S. E. 735) ; *Keller* v. *Bowen & Thomas,* 127 *Ga.* 584 (56 S. E. 634). A discharge in bankruptcy extinguishes the right of a creditor to enforce against the bankrupt the collection of any debt existing at the time of the filing of the petition in bankruptcy, where the debt is provable in bankruptcy and does not fall within the classes excepted by the bankruptcy act as not being dischargeable, and the creditor had notice of the proceedings. By the terms of

the act, valid liens existing more than four months prior to the filing of the petition, and acquired in good faith, are not affected. Nor does the bankrupt act prevent the creditor from enforcing a lien superior to the exemption under the State law, if such lien be fastened on the exempt property at any period of the bankruptcy proceedings prior to the final discharge of the debtor. Jewett *v.* Huffman, 14 N. D. 110 (13 Am. Bnk. Rep. 738, (103 N. W. 408). But if the debtor succeeds in obtaining his discharge and pleads it prior to the fastening of a specific lien on such property, the effect is to release the debtor from the payment of the debt upon which the proceedings are based, and the creditor's right of action is destroyed. Loveland on Bankruptcy (3d ed.), §289, and authorities there cited. Claster *v.* Soble, 22 Pa. Super. Ct. 631 (10 Am. Bnk. Rep. 446). In the case of Groves *v.* Osburn, 46 Or. 173 (79 Pac. 500), decided by the Supreme Court of Oregon in 1905, it was ruled: "After a debtor has been discharged in bankruptcy, a debt can not be enforced in equity by a proceeding in rem against the homestead set apart in the proceedings to the bankrupt, though the debt was contracted prior to the adoption of the State homestead exemption act (B. & C. Comp. §221), which applies only to the enforcement of a judgment obtained on liabilities thereafter contracted, and though a judgment so obtained might have been enforced against such homestead before the debtor's discharge in bankruptcy." If no lien be acquired prior to the bankrupt's discharge, proceedings in a State court to obtain a judgment in rem against the exempted property, instituted after the discharge, would be as effectual as proceedings begun prior thereto. If proceedings in a State court, commenced before discharge, in a case in which no lien existed, could proceed to a conclusion after the discharge, because no judgment in personam is sought, but only a judgment in rem against exempted property with which the bankrupt court has no concern other than to set it apart as exempt, and no jurisdiction to interfere with proceedings in the State court to subject it, similar proceedings, begun after discharge, should be permitted for the same reasons. But in both instances the discharge releases the debtor from the payment of the debt, and the right of action thereon by a creditor is discharged, unless a specific lien has been fastened on the property which can be enforced irrespective of a personal proceeding against the debtor.

3

Hence, the decision of this case hinges on the question whether the plaintiffs in error had acquired any lien which, after the discharge in bankruptcy of the defendant in error had been obtained and pleaded, was enforceable against the exemption set apart in bankruptcy and held by the receiver of the State court. The fact that the notes upon which the suit was founded contained a waiver of all homestead and exemption rights, of itself, gave them no lien. In re Hopkins, 1 Am. Bnk. Rep. 209. They had no lien of any character, either by contract or by statute. The only basis for claiming that a lien was acquired consists in the filing of an equitable petition, obtaining an interlocutory injunction against the defendant interfering with the exemption which the trustee in bankruptcy had set apart, and the appointment of a receiver who secured the custody of the fund. Counsel for plaintiffs in error strenuously contend that these proceedings fastened an equitable lien on the property in custodia legis, for the enforcement of which they were entitled to a decree in rem, notwithstanding the plea of discharge in bankruptcy interposed by the defendant in error. To this contention we are unable to assent. Equitable liens are but little favored in this State. The vendor's equitable lien for the purchase-money of land has been abolished. See Civil Code, § 2823. Likewise, the equitable lien which formerly was created by the deposit of title deeds. See Civil Code, § 2956. Nor does the doctrine under which, in some jurisdictions, an equitable lien is accorded a vigilant creditor, who by the prosecution of a creditor's bill has uncovered equitable assets, prevail in this State, since under our law the assets of a debtor when brought into court are administered for the benefit of all creditors alike, pursuant to their legal rights, and the only reward of vigilance consists of the right to reimbursement of expenses incurred in bringing such assets within the reach of creditors. Besides, the exemption sought to be subjected in this case was in no sense an equitable asset, the title thereto being all the while in the debtor. The lien which the plaintiffs in error claim to have acquired does not fall within any of the other classes of equitable liens recognized by the general authorities; as, for instance, where the parties have attempted to create a lien by contract, but have failed to make their intention legally effectual; or, where one has contracted on the faith of the promise of another to create a specific lien on certain property,

and the latter fails or refuses to do so; or where the right and justice of a particular case demand the recognition of an equitable lien, as where one in good faith has made expenditures which benefit the property of the true owner, and upon its recovery by the latter is allowed a lien thereon for his reimbursement. We can conceive of no rule of law, or principle of justice, which could be invoked as sustaining the plaintiffs' contention that a lien in their favor existed against the fund in the possession of the court. With respect thereto they stood in exactly the same position with the other creditors who the record shows also held debts against which the defendant in error had waived all exemption rights, any of which creditors might have become a party to the proceedings instituted by the plaintiffs in error, and against whom the plaintiffs in error would have had no lien, or even priority. The only advantage the plaintiffs in error and other creditors holding waiver notes had over general creditors was to prevail in the collection of their debts as against any claim of homestead or exemption which the defendant in error might assert.

Further, the appointment of a receiver in this case was not a matter of right, and might have been avoided by the defendant giving a bond satisfactory to the court, in which event certainly no lien could have attached to the fund in controversy; and the mere fact that a receiver was appointed and put in charge of the fund to preserve it pending the litigation could not create any lien thereon. What the plaintiffs in error now claim to possess is what in reality they were seeking to obtain by the equitable proceedings, that is, a specific lien on the property which they were endeavoring to subject. They could not obtain such lien until a final trial and a judgment of the court fixing a lien upon this property and subjecting it to their debt, and the judge of the court was without authority to pass any order in interlocutory proceedings to establish a lien in their favor. Even if the seizure of the fund in this case could be deemed an equitable levy, and as such operative to give the plaintiffs in error an inchoate lien thereon, such proceedings would be merely in the nature of a mesne process; and, to avail the plaintiffs, the action would have to be prosecuted to a finality, and a decree in rem obtained subjecting the fund in the custody of the court, before the debtor obtained and pleaded in bar of the action his discharge in bank-

ruptcy. *Rountree* v. *Rutherford,* 65 *Ga.* 444; *Cosgrove* v. *Mitchell,* 74 *Ga.* 824; *Graham* v. *Richerson,* 115 *Ga.* 1002 (42 S. E. 374).

Plaintiffs in error contend broadly, that, the parties and the subject-matter being before a court of equity, it was endowed with plenary power and should have proceeded to administer full justice. While this is one of the leading doctrines of equity, yet its invocation by the plaintiffs in error in this case can not be sanctioned, for the sufficient reason that they allowed the subject-matter upon which the court must operate to be destroyed. Had they made application to the bankruptcy court in the method pointed out in the decisions of our court (*Bell* v. *Dawson Grocery Co.* supra), and of the U. S. court (Lockwood *v.* Exchange Bank, supra), the discharge of the bankrupt would have been postponed until equity could have effectuated their rights. Their right of admission into a court of equity depended on a debt which the pendency of the bankruptcy proceedings prevented them from enforcing at law; but this debt belonged to a class which is dischargeable in bankruptcy; and having permitted the defendant to secure and plead against it a discharge in bankruptcy and thus destroy their right of admission, they can not complain that equity closed its portals against them, when such result was occasioned by their own failure to take the proper steps to insure their remaining open. While it is true that the bankruptcy court does not interfere with the action of State courts in dealing with exemptions of bankrupts, it is likewise true that it is the duty of the State court, when called upon to pronounce the effect of a discharge in bankruptcy, whether dealing with exempt property or otherwise, to give such discharge the legal effect which the bankruptcy act intended it should have; and this is true notwithstanding the proceeding be in equity. Equity follows the law. The debt which the plaintiffs in error are seeking to enforce was provable in bankruptcy, belonged to a class dischargeable thereby; the plaintiffs in error had notice of the bankruptcy proceedings; and a discharge having been secured and pleaded by the defendant before the plaintiffs made effectual their proceedings against the exemption in the hands of the receiver by obtaining a decree in rem fastening a lien thereon, such discharge operated to destroy the right of action upon which the proceedings were based. The court below committed no error in the rulings complained of, and its judgment is

*Affirmed. All the Justices concur.*