## Realty Company *v.* Gioshio, Appellant.

*Bankruptcy—Debtor's exemption—Levy upon property set aside as exempt.*

Where after the filing of a voluntary petition in bankruptcy, the trustee in bankruptcy sets apart for the bankrupt certain property upon his petition for exemption under the state law, and thereafter such property is levied upon by a creditor of the bankrupt under a judgment entered upon a judgment note containing a waiver of exemption, the lien acquired by such levy is not discharged by the subsequent discharge of the bankrupt, and the creditor may proceed to sell the property so taken in execution after the bankrupt has been discharged.

186    REALTY CO. *v.* GIOSHIO, Appellant.

Statement of Facts—Opinion of the Court.    [50 Pa. Superior Ct.

Argued April 12, 1912. Appeal, No. 89, April T., 1912, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1911, No. 44, discharging rule to set aside execution in case of The Realty Company v. Pasquale Gioshio. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to set aside execution. Before SHAFER, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to set aside execution.

H. J. *McAllister*, of *Pettes & McAllister*, with him *Rody P. Marshall*, for appellant, cited: Claster v. Soble, 22 Pa. Superior Ct. 631.

M. *Wilson Stewart*, for appellee, cited: Sharp v. Woolslare, 25 Pa. Superior Ct. 251; Zumpfe v. Schultz, 35 Pa. Superior Ct. 106; McKenney v. Cheney, 118 Ga. 387 (45 S. E. Repr. 433); Bell v. Dawson Grocery Co., 120 Ga. 628 (48 S. E. Repr. 150); Powers Dry Goods Co. v. Nelson, 10 N. D. 580 (88 N. W Repr. 703); Lockwood v. Exchange Bank, 190 U. S. 294 (23 Sup. Ct. Repr. 751).

OPINION BY MORRISON, J., May 13, 1912:

The facts controlling this case are not in dispute. The defendant filed a voluntary petition in bankruptcy in the United States district court for the western district of Pennsylvania on December 29, 1910, which petition contained a schedule showing his debts and obligations, including the debt due the plaintiff. It is conceded that plaintiff had due notice of the bankruptcy proceedings on or about the date the petition was filed. Plaintiff's claim against the defendant was for rent due it under a written lease made in March, 1910. This lease contained a warrant of attorney authorizing the confession of judgment and waiver of exemption, etc. The debt was prov-

able in bankruptcy but the plaintiff did not present its claim before the referee, but on February 14, 1911, caused judgment to be confessed and entered on said lease and on the same day issued execution and caused the sheriff to levy on personal property which had theretofore been set apart to defendant by the trustee in bankruptcy under defendant's claim for exemption under the state law. Proceedings were stayed by the court and the goods so levied upon were not sold, and on May 16, 1911, defendant was granted a discharge in bankruptcy and thereafter contended that this discharge released him from liability and the exempted property so levied upon from being sold on said execution. A few days after the defendant had obtained his discharge the plaintiff proceeded on his execution and caused the goods theretofore levied upon to be advertised for sale. No question is raised but what the goods were regularly levied upon and the execution having been stayed by order of court the lien of the levy remained upon the goods. The defendant at once filed a petition setting up the facts and asked the court below to set aside said execution for the reason that having been discharged in bankruptcy he was not only personally relieved of said judgment and execution but that his goods which had been levied on after they were set aside to him and before he was discharged were also relieved from the levy and lien of said execution. The court granted a rule on the plaintiff and after argument the rule was discharged and hence this appeal.

The appellant's learned counsel rests his case on the proposition that the discharge in bankruptcy extinguished this claim not only as a personal obligation against the defendant but that it also relieved the property levied upon from all liability for the satisfaction of the plaintiff's claim. It has been so often decided that a creditor having a judgment waiving exemption may levy upon the property appraised and set apart to the bankrupt prior to his discharge that we may consider that question settled. In Sharp v. Woolslare, 25 Pa. Superior Ct. 251, we held

as stated in the syllabus: "A Federal trustee in bankruptcy is not entitled to the bankrupt's exemption of $300, against a creditor who has attached the same by an attachment execution issued and served within four months prior to the bankruptcy, on a judgment waiving exemption." See authorities cited in that case. In Adair v. Decker, 34 Pa. Superior Ct. 153, we held: "Property generally exempted by state laws from the claims of creditors, is not part of the assets of the bankrupt, and does not pass to the assignee, but such property must be pursued by those having special claims against it in the proper state tribunals. If it appears that the bankrupt has waived the exemption in favor of a particular creditor, and has not taken the benefit of the Pennsylvania insolvency act of June 4, 1901, P. L. 404, the creditor may take in execution the exempted property set apart by the federal court." See the opinion in that case and authorities therein cited. In First Natl. Bank v. Bartlett, 35 Pa. Superior Ct. 593, we held: A judgment creditor of a bankrupt who holds a waiver by him of the benefits of the state exemption laws may have the sheriff levy upon and sell the exempt goods of the bankrupt at any time before his final discharge. The title to the exempt property never passes to the trustee in bankruptcy." See also Greenfield, Appellant, v. Golder, 42 Pa. Superior Ct. 462, and authorities therein cited. In Zumpfe v. Schultz, 35 Pa. Superior Ct. 106, we held: "Money allowed a bankrupt 'in lieu of his exemption' may be attached in the hands of the trustee in bankruptcy on a judgment entered against a bankrupt on a note wherein the bankrupt waived the benefits of the exemption laws."

The exact question for decision here is, where the plaintiff had a valid judgment against the defendant, waiving exemption, and had issued an execution and levied upon the defendant's exempted property in the bankruptcy proceedings, before the discharge in bankruptcy, can the sheriff proceed on the execution and levy to sell said goods notwithstanding the discharge in bankruptcy?

The appellant's counsel in his printed argument relies on three cases, to wit: Claster v. Soble, 22 Pa. Superior Ct. 631; Williams v. Butcher, 1 W. N. C. 304, and May v. Bank, 109 Pa. 145. We will notice cases in the inverse order in which they are above cited. As to the case of May v. Bank, we understood it to simply hold that the defendant was discharged from personal obligation to pay the claim in question. Mr. Justice STERRETT, in delivering the opinion of the court, said: "It follows, therefore, from the undisputed facts, in regard to the nature and character of the claim that the personal obligation of the defendant below was extinguished by the discharge," etc. This is not authority for holding that a discharge in bankruptcy would extinguish a lawful levy and lien upon property, procured before the discharge, as in the case in hand. It cannot be doubted that the discharge in bankruptcy relieves the bankrupt from all provable claims which existed at the date of the filing of his petition and adjudication as a bankrupt. But the present question is, does such discharge extinguish a valid lien on property? In Williams v. Butcher, 1 W. N. C. 304, it clearly appears that the execution had been issued after the defendant's discharge in bankruptcy and of course there was no levy and lien by virtue of the execution procured before the discharge. Therefore that case does not touch the point under consideration. As to Claster v. Soble, 22 Pa. Superior Ct. 631, it must be conceded that the facts in it are much like those in the present case. We have examined the printed arguments in that case and the opinion of this court and we conclude that the point was not raised and decided that notwithstanding the discharge of the defendant and his release from personal liability the levy and lien of the execution on his exempted property might have been sustained. That point not having been specifically raised and decided we do not feel bound by that decision upon the facts and questions raised in the present case. In our case, after the bankruptcy proceedings had released and restored

the exempted goods to the possession of the defendant, the sheriff levied upon the same.   After said seizure the goods were virtually in the possession of the sheriff—in the custody of the law.   The question then arises why should the discharge of the defendant in bankruptcy, his release from personal liability, operate to take the chattels from the sheriff and restore them to the former owner?   We understand both the law and the practice in bankruptcy makes a distinction between the release from personal liability and the release from a valid lien, effected by a discharge in bankruptcy.   Conceding that the bankrupt's discharge releases him from personal liability, why should not the lien continue on the property and the plaintiff be permitted to sell that property for the satisfaction of his debt?   Loveland on Bankruptcy, sec. 285, p. 823, under the caption, "The effect of a discharge upon liens," says: "The effect of the discharge is to release the personal liability only.   It does not affect liens upon his property.   If they are valid under the laws of the state and the bankruptcy act, they may be enforced after a discharge is granted.

"Thus a judgment which has become a lien on property will continue to be so, but if the judgment is merely a personal liability, it is released by a discharge.   In an action to enforce a mechanic's lien or mortgage, the discharge will not bar the proceedings, except as to a personal judgment for a deficiency"; the author adds other illustrations.   In footnote on page 829, it is said: "After a discharge of the debtor, a creditor cannot enforce his debt against his exempt property, unless a lien had been fastened on said property before the discharge was granted."

We believe it is never contended that the lien of a mortgage is released by a discharge in bankruptcy.   The debt is discharged as to the individual and all other property than that affected by the lien.   In the present case there was a lien created by the levy and we think the defendant was discharged from personal liability but the

goods were not released from the lien of the levy. If this is a correct view of the law the plaintiff is restricted to the property levied upon; it could not recover from any other property of defendant.

In McKenney v. Cheney, 118 Ga. 387, it was said: "A discharge in bankruptcy does not discharge the lien of a judgment obtained within four months prior to the adjudication of bankruptcy upon a note waiving the homestead exemption allowed by the laws of this state upon lands set aside by the bankruptcy court as exempt." This ruling was followed in Bell v. Dawson Grocery Co., 120 Ga. 628, in which a note containing a waiver of exemption was not proven in the bankruptcy court; held, "That lien on such property obtained after setting apart of the exemption could be enforced and a discharge would be withheld until a recovery was had." In Powers Dry Goods Co. v. Nelson, 10 N. D. 580, it was held: "The lien of a judgment on personal property of a bankrupt is not destroyed by a mere discharge of the debt secured by the lien through a discharge under the national bankruptcy act; and unless such lien is one which is itself declared void by said act, it may be enforced through a modified form of judgment, as against the property on which the lien exists."

· The United States supreme court recognizes the right of creditors in whose favor exemption has been waived to proceed against the exemption set apart to the debtor, under the state law, and also the right of the court to withhold the discharge of the bankrupt, if he be otherwise entitled thereto, until a reasonable time has elapsed for the excepting creditor to assert in a state tribunal his alleged right to subject the exempt property to the satisfaction of his claim: Lockwood v. Exchange Bank, 190 U. S. 294.

In the present case the plaintiff did not need a stay of proceedings in the bankruptcy court, as to the discharge of the defendant, because the plaintiff was proceeding legally, before the discharge, to sell the exempted

property, after it had been appraised and delivered to the defendant, when at the instance of the defendant the court stayed the plaintiff's writ till the defendant had procured his discharge. Now to hold that this not only relieved the defendant from personal liability for the plaintiff's claim, but also discharged the exempted property from the lien of the levy, and took it out of the custody of the law, would allow the defendant to take advantage of his own wrong. If the plaintiff was proceeding lawfully to sell the exempted property, till the execution was stayed by the court, there can be no doubt but said stay was illegal, and, therefore, the defendant should gain no advantage therefrom. We think a correct conclusion is reached by holding that the discharge in bankruptcy released the defendant from personal liability to the plaintiff and released his other property from plaintiff's claim, but left the lien of the levy valid and capable of enforcement.

In Gilmore & Co. v. Smith, 15 Pa. D. R. 347, CRISWELL, P. J., of Venango county, well said: "Can he (a creditor) proceed and sell the exempt property after final discharge, if, by means of an execution in the sheriff's hands, he obtains a levy and control of the same before final discharge? A levy upon an execution is, in law, a seizure and appropriation of the debtor's property to the payment of the debt for which the seizure is made. The appropriation is not finally consummated until a sale has been made, but the sale is simply for the purpose of determining the amount of the credit. Until a sale the property remains in the hands or custody of the officer as a pledge to secure and enforce the payment of the debt," etc.

The appeal is dismissed at the cost of appellant, and the order of the court below discharging the rule is affirmed.