### 17016.   MILLER *v.* EQUITABLE CREDIT CO. INC.

Where a defendant "was adjudged a bankrupt within four months after a levy of an attachment, he can plead his discharge, and prevent any judgment, general or formal, from being rendered against him and his sureties." *Alvaton Mercantile Co.* v. *Caldwell*, 156 *Ga.* 317 (3) (119 S. E. 25).

(*a*) Even where the creditor holds a note containing a waiver of homestead, and fails "to apply to the bankruptcy court for an order staying the grant of a discharge of the bankrupt until his right under the waivers of exemption in such notes could be enforced in the State court, and a discharge is granted to the bankrupt, such discharge will prevent the creditor from obtaining a judgment in rem against the exempted property and from subjecting it to his debt, such debt not falling within the exceptions specified in the bankruptcy act."

DECIDED MARCH 2, 1926. ADHERED TO ON REHEARING, JUNE 15, 1926.

Attachment; from city court of Floyd county—Judge Bale. November 9, 1925.

Certiorari was granted by the Supreme Court.

---

Bankruptcy, 7 C. J. p. 192, n. 67; p. 198, n. 96; p. 396, n. 90.

*M. B. Eubanks,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.

BLOODWORTH, J. An attachment for the balance due on the purchase price of an automobile was issued on September 13, 1924. The attachment was levied November 7; a replevy bond was given November 10; the defendant was adjudged a bankrupt November 12, and filed his original answer on November 10. A declaration in attachment was filed January 2, 1925, and the defendant was discharged in bankruptcy on April 11, 1925. Plaintiff amended its declaration in attachment and alleged that the note given for the purchase price of the automobile contained "a retention-of-title contract on the automobile involved in this case," and that the automobile was set aside by the trustee in bankruptcy to the defendant as a part of his homestead. The defendant, on September 15, 1925, filed an amendment to his answer, alleging his discharge in bankruptcy. The judge of the city court of Floyd county, who heard the case without a jury, "entered a judgment against the defendant and his security on the replevy bond, and a special judgment in rem against the automobile, and stay of execution against the defendant T. C. Miller." To this judgment the defendant excepted.

As there is no vendor's lien in this State, and as it clearly appears that the attachment was levied "and a bond to dissolve was given within four months of the adjudication of the principal a bankrupt," the court erred in rendering the foregoing judgment. *Alvaton Mercantile Co.* v. *Caldwell,* supra; *Graham Co.* v. *Richerson,* 115 *Ga.* 1002 (42 S. E. 374).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

ON REHEARING.

BLOODWORTH, J. In the brief of counsel for defendant in error is the following: "It is true the attachment in the case now under review was levied within this four-months period, and the lien was therefore created within that period. But for the fact that the debt and contract on which this attachment is based are for the purchase-money of the property levied upon, waive the homestead, and the property has been claimed and set aside to plaintiff in error as an exemption in the bankruptcy court, the rule laid down in the *Alvaton Mercantile Co.* case would apply." In the original opinion in this case attention was called to the fact that

there was no vendor's lien in this State. Civil Code (1910), § 3373; *Echols* v. *Head,* 68 *Ga.* 152. In the *Graham* case, 115 *Ga.* 1002, cited in the original opinion, the defendant was indebted to the plaintiff "upon an unsecured account for the purchase-money of certain goods sold to him by them." The defendant filed a petition in bankruptcy; the debt was duly scheduled, and the plaintiffs were properly notified. The goods were set apart to the bankrupt by the trustee, for an exemption. An attachment for the purchase-money was issued and levied on the goods. After the defendant was discharged in bankruptcy he pleaded his discharge in bar of a recovery on the attachment. In discussing that case the Supreme Court, speaking through Mr. Justice Fish (p. 1003), said: "A discharge in bankruptcy releases a bankrupt from all his provable debts except those expressly excepted by the bankrupt act, and a debt for purchase-money is not among those excepted. It is true that under the constitution of this State an exemption is subject to levy and sale for the purchase-money thereof, but our law gives a vendor no lien for purchase-money; and before exempted property can be sold for its purchase-money, judgment must be obtained against the debtor and execution be levied on the property. If the debtor be discharged in bankruptcy, he is thereby absolutely released from the purchase-money debt, and the creditor holding the same can not obtain judgment thereon in order to have the property sold. If there be no judgment and execution, the question whether or not the exemption is subject for the purchase-money can not arise. Hoskins *v.* Wall, 77 N. C. 249." In *Bowen* v. *Keller,* 130 *Ga.* 36 (60 S. E. 174, 124 Am. St. R. 164), Mr. Justice Holden said: "The debt which the plaintiffs in error are seeking to enforce was provable in bankruptcy, belonging to a class dischargeable thereby; the plaintiffs in error had notice of the bankruptcy proceedings; and a discharge having been secured and pleaded by the defendant before the plaintiffs made effectual their proceedings against the exemption in the hands of the receiver by obtaining a decree in rem fastening a lien thereon, such discharge operated to destroy the right of action upon which the proceedings were based." In the *Alvaton Mercantile Co.* case, also cited in the original opinion, headnotes 1 and 2 are as follows: "1. When the defendant in an attachment replevies the property attached, by giving bond with

security, conditioned to pay the amount of the judgment which the plaintiff may recover, the property attached is released from the lien of the attachment, the attachment is dissolved and is at an end, and the case proceeds as an ordinary suit at law. 2. If the debt which it is sought to enforce by the attachment is one provable in bankruptcy, and the defendant has been discharged as a bankrupt, he can plead his discharge and prevent the recovery of a general judgment against him." In the opinion (pages 319, 320) Mr. Justice Hines said: "If the debt which it is sought to enforce by the attachment is one provable in bankruptcy, and the defendant has been discharged as a bankrupt, he can plead his discharge and prevent the recovery of a general judgment against him. *Fort-Mims & Haynes Co.* v. *Branan-Akers Co.,* 140 *Ga.* 131 (78 S. E. 721). If the defendant was adjudged a bankrupt within four months after the levy of the attachment, he can plead his discharge and prevent any judgment, general or formal, from being rendered against him and his sureties; but where the defendant dissolves the attachment by giving bond with sureties, conditioned to pay the amount of the judgment which the plaintiff may recover, the bond takes the place of the attachment as security for the debt of the attaching creditor; and where the attachment debtor, more than four months after the levy of the attachment and the giving of bond for the dissolution of the attachment, is adjudged a bankrupt, and is thereafter discharged as such, the bankrupt act does not prevent the State court from rendering judgment against him, with a perpetual stay of execution, for the purpose of permitting the plaintiff to take judgment against the sureties on the bond given to dissolve the attachment. . . The rule is otherwise when the attachment was levied and the bond to dissolve was given within four months of the adjudication of the principal a bankrupt. When the property of the debtor is attached and is released on bond less than four months before he is adjudged a bankrupt, and the debtor is subsequently discharged, the surety on the bond is released."

The note upon which the attachment in this case was based contained a clause in which the maker waived "all rights of exemption which they have or may have under the constitution and laws of this State or any other State or of the United States." Counsel for plaintiff in error insists that under this waiver the

rule laid down in *Coker* v. *Utter,* 152 *Ga.* 157 (2) (108 S. E. 538), and in similar cases, that "A discharge in bankruptcy does not discharge the lien of a judgment obtained within four months prior to the adjudication of bankruptcy, upon a note waiving the homestead exemption allowed by the laws of this State upon lands set aside by the bankrupt court as exempt" (*McKenney* v. *Cheney,* 118 *Ga.* 387, 45 S. E. 433), would apply. But in such cases there were judgments which were obtained prior to the discharge in bankruptcy, whereas in the case now under consideration there was no lien and no application to the court "for an order staying the grant of a discharge of the bankrupt until his right under the waivers of exemption in such notes could be enforced in the State court." In *Joyner* v. *Bank of Menlo,* 156 *Ga.* 753 (120 S. E. 5), the Supreme Court said: "A creditor holding a waiver of homestead exemption from his debtor, but having no lien, may apply for a stay of discharge in a court of bankruptcy, and the State court will impound the property set apart in a court of bankruptcy upon the claim for exemption, and subject it to the plaintiff's demand when he obtains a lien. *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150) ; *Bowen* v. *Keller,* 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164) ; *McBride* v. *Gibbs,* 148 *Ga.* 380, 384 (96 S. E. 1004) ; Meinhard *v.* Pincus, 200 Fed. 736. Notes of his debtor which contain waivers of exemption rights do not give to the creditor any lien, equitable or otherwise, on the property of the debtor which he had scheduled in bankruptcy and which had been set apart to the bankrupt as a homestead exemption. *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561). If the creditor holding such notes fail to apply to the bankruptcy court for an order staying the grant of a discharge of the bankrupt until his right under the waivers of exemption in such notes could be enforced in the State court, and a discharge is granted to the bankrupt, such discharge will prevent the creditor from obtaining a judgment in rem against the exempted property and from subjecting it to his debt, such debt not falling within the exceptions specified in the bankruptcy act. *Bowen* v. *Keller,* supra ; *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602) ; *Valdosta Guano Co.* v. *Green,* 149 *Ga.* 610 (101 S. E. 538)." See *Morris Fertilizer Co.* v. *White, McCurdy &*

*Co.,* 158 *Ga.* 41 (122 S. E. 692) ; *Bush* v. *Winchester-Simmons Co.,* 159 *Ga.* 433 (2) (126 S. E. 8) ; *Richards* v. *Shields,* 138 *Ga.* 583 (3, 3*a*) (75 S. E. 602).                    *Judgment adhered to.*