## 17016.   MILLER v. EQUITABLE CREDIT COMPANY.

"1. Where one sells property, taking purchase-money notes containing a retention of title, and where on default in the payment of such notes the vendor levies an attachment on the property, the vendee replevies the property, the vendor files his declaration in attachment, and the debtor is adjudicated a bankrupt within four months after the levy

Appeal and Error, 4 C. J. p. 1248, n. 48 New.
Bankruptcy, 7 C. J. p. 197, n. 89; p. 409, n. 85; p. 411, n. 17.
Exemptions, 25 C. J. p. 118, n. 82.

of the attachment, and thereafter on the trial of the case the defendant pleads his discharge in bankruptcy, such discharge does not affect the right of the vendor, holder of the title, to obtain a special judgment against the property and to bring the property to sale to pay the debt.

"2. 'The effect of 67 f of the national bankruptcy act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him.' *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433); *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409); *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004); *Coker* v. *Utter,* 152 *Ga.* 157 (108 S. E. 538).

"3. The replevy bond takes the place of the property, and in the circumstances above stated the discharge in bankruptcy will not prevent a judgment being rendered against the surety on such bond.

"4. These rulings do not conflict with *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25). In that case the court was not dealing with the rights of a creditor to subject property which he had sold with retention of title, or on which he held a lien by contract. The lien asserted was one arising by general judgment. The general judgment being void because of discharge in bankruptcy, the lien created thereby and the liability of the surety were also discharged.

"5. Moreover, the homestead exemption feature adds nothing to the benefit of the debtor. In the purchase-money note sued on there was a waiver of homestead, a retention of title, and also the express retention of the right to take possession of the property on default in payment of the debt. Therefore, the debt being for purchase money, the debtor having no title and having waived homestead, he was absolutely without legal right to interfere with the subjection of the property to payment of the debt. *Perdue* v. *Fraley,* 92 *Ga.* 780 (19 S. E. 40); *Johns* v. *Robinson,* 119 *Ga.* at page 63 (45 S. E. 727)."

DECIDED MAY 11, 1927.

Attachment; from city court of Floyd county — Judge Bale. November 9, 1925.

*M. B. Eubanks,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.

BLOODWORTH, J. This case was carried by certiorari from this court to the Supreme Court. The foregoing are the rulings of the Supreme Court on a hearing of the case (164 *Ga.*). The effect of these rulings is to reverse the former decision of this court in this case (*Miller* v. *Equitable Credit Co.,* 35 *Ga. App.* 184, 133 S. E. 750), which reversed the judgment of the trial court, and the judgment of the superior court is now

*Affirmed. Broyles, C. J., and Luke, J., concur.*