## Sovereign Building and Loan Association v. Krassen et ux., Appellants.

Argued October 16, 1929.

 Before

PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. 

*Joseph Blank,* for appellant.

*Joseph A. Culbert,* for appellee.

OPINION BY KELLER, J., January 29, 1930:

The opinion filed by the learned court below fully sustains its action in refusing to open the judgment and set aside the fi. fa. issued on it.

Plaintiff levied on goods of defendants, prior to their being adjudged bankrupts. Part of the goods so levied upon were claimed by the bankrupts as exempt property and set aside to them as such by the trustee. They formed no part of the bankrupt estate, and the lien upon them created by the levy of execution was not affected by the bankruptcy proceedings or the defendants' discharge in bankruptcy. The execution creditor could proceed by writ of vend. ex. to sell the goods subject to its levy which had been claimed and set apart to the bankrupts as exempt property: Progressive Commercial Co. v. Friedman & Balasny, 81 Pa. Superior Ct. 151; Realty Co. v. Gioshio, 50 Pa. Superior Ct. 185. To this extent its judgment was not affected by the discharge in bankruptcy. If it attempts to do more, on being informed, the court will control the execution.

The cases in this court cited by appellant, Claster v. Soble, 22 Pa. Superior Ct. 631; Sayre v. Bartlett,

35 Pa. Superior Ct. 593; Realty Co. v. Gioshio, supra, are distinguished from this one by the fact that in them no levy had been made and lien acquired on the bankrupt's goods, afterwards set apart as exempt, prior to the adjudication in bankruptcy.

The order is affirmed.