THE GEORGIA PACIFIC RAILWAY COMPANY v. HUDSON.

The evidence warranted the verdict, and the damages found were not excessive.

May 2, 1892. GOBER, Judge, presiding, by consent of parties, in place of SIMMONS, J., absent from providential cause.

Railroads.  Damages.  Negligence.  Before Judge
VAN EPPS.  City court of Atlanta.  September term,
1891.

The plaintiff recovered a verdict against the railway
company for $5,000 damages.  The defendant moved
for a new trial, on the grounds that the verdict was con-
trary to law and evidence, and was excessive.  The
motion was overruled.  The testimony as to the circum-
stances of the injury, being substantially similar to that
set out in the former report of this case (85 *Ga.* 203),
need not be repeated here.  No evidence was introduced
by the defendant.  It appeared for the plaintiff that he
was about twenty-one years of age when the injury hap-
pened, and was earning about $45 a month.  His fall
from the car was fifty-two feet, the train being on a
trestle.  He was unconscious for several days, was con-
fined to bed over a month, walked with crutches for a
long time, and suffered great pain in his back and hip.
His hearing and eyesight were impaired; he became
generally debilitated, and his nervous condition was
rendered bad ; his capacity to labor was reduced more
than half; and the effects of his injuries are likely to be
permanent.

JACKSON & JACKSON, for plaintiff in error.

HOKE & BURTON SMITH and J. R. WHITESIDE, *contra.*

GOBER, Judge.

This case was before this court at the March term,
1890, and was reported in the 85th *Ga.* p. 203.  The
case was brought here by plaintiff upon a nonsuit be-
low.  The case was reversed and sent back for trial
before a jury.  The main point decided is set forth in
the head-note of the former decision :  Whether or not
a train flagman who was injured while giving signals
to the engineer, was in the line of his duty or was as-
suming to act for the conductor, and whether or not he

was guilty of contributory negligence, were questions for the jury.

The facts upon the second trial did not vary materially from those on the former trial. This case was one for the jury. They found a verdict for the plaintiff. No error appears. The head-note sufficiently sets forth the opinion of this court.    *The judgment is affirmed.*