## ALLEN *v.* PEARCE.

While the term "aged" as applied to human beings is not, for all purposes, susceptible of precise definition, and while it is not practicable to arbitrarily fix a period of life at which the condition of being "aged" may be said to have certainly begun, it is safe to hold that a man sixty-six years old is entitled to an exemption of his property from levy and sale, under that clause of the constitution ( Civil Code, § 5912 ) allowing this right to "every aged or infirm person." This is true although the applicant may be "a hale and hearty man."

Submitted April 21, — Decided May 22, 1897.

Appeal. Before Judge Butt. Talbot superior court. March term, 1896.

*J. J. Bull* and *A. J. Perryman*, for plaintiff in error.

*Brannon, Hatcher & Martin, J. H. McGehee* and *J. H. Worrill*, contra.

FISH, J. On January 11, 1895, James Allen applied to the ordinary of Talbot county for the setting apart of a homestead and exemption to himself, as an "aged person," alleging in his petition that he was sixty-six years of age. T. J. Pearce, a creditor of the applicant, filed an objection on the ground that Allen was not an "aged person" in contemplation of law. The homestead was granted, and the objector appealed to the superior court. On the trial there, it appeared that the applicant was sixty-six years old, and that he was "hale and hearty."

The judge directed a verdict in favor of the objector, on the ground that the petition and evidence did not show that the applicant was entitled to a homestead.    This ruling is assigned as error.    It will be observed that the sole question made by this record is, whether a man sixty-six years of age, though "hale and hearty," is entitled to an exemption of his property from levy and sale, under that clause of the constitution ( Civil Code, § 5912) allowing this right to "every aged or infirm person."    The right is to "every aged or infirm person."    If he be "aged," he is entitled to the exemption whether he be infirm or not.    So if he be infirm, he has the right to it without regard to his age.    It would be difficult to designate an exact period of life when one might with certainty be said to have become "aged"; yet there are certain ages fixed by our statutes which, when attained, relieve a man of some of the burdens of citizenship.    After he reaches the age of fifty years he is no longer subject to road duty, and after he is sixty years old he is relieved of poll-tax and, at his option, of jury service.    It has been held in an English case that persons fifty years of age are aged.    Pomeroy *v.* Willway, Law Rep. 42 Ch. Div. 510. There a testator directed that the interest of a fund should forever "be divided into annuities of ten pounds each and be paid, half-yearly, to an equal number of men and women not under fifty years of age, Unitarians, and who attend Lewin's Mead Unitarian Chapel or chapels in Bristol."    The question was whether or not the gift was charitable.    And it was held that persons not under fifty years of age were "aged" persons, within the meaning of the statute of charitable uses (43 Eliz. c. 4), providing for gifts "for the relief of aged and impotent and poor people," and that the bequest was good as a charitable gift.    While we are not to be understood as fixing, with accuracy, the time when human beings become "aged," yet we deem it safe to hold that a man sixty-six years old, though "hale and hearty," is entitled to homestead and exemption under the above cited constitutional provision.

*Judgment reversed.    All the Justices concurring.*