## RAGAN, MALONE & COMPANY v. TAFF.

A general waiver of homestead only operates in favor of the specific liability referred to in the waiver or obligation containing the waiver. Such waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper. But a waiver of all homestead rights, in an application for a general line of credit, is not effectual to bar the debtor's right to homestead as against a debt thereafter contracted.

JULY 15, 1910.

Intervention. Before Judge Foute, of the city court of Carters-ville. Bartow superior court. February 6, 1909.

The firm of Taff & Conyers were adjudged involuntary bankrupts, and J. C. Taff, a member of the firm, applied in the United States court for the exemption of certain property as a homestead. Certain creditors filed their suit in the superior court of Bartow county, alleging, that they were creditors of the bankrupt, that their indebtedness was evidenced by notes containing a waiver of homestead, and that they had not proved their claims in the bankrupt court; and they prayed the appointment of a receiver to take charge of the property of the bankrupt, which he was seeking to have set apart for a homestead, and that the same be sold and the proceeds distributed among the complaining creditors. To this petition Ragan, Malone & Company filed an intervention, in which they alleged: On March 20, 1907, the firm of Taff & Conyers, of which J. C. Taff was a member, made a statement to them of their financial condition, for the purpose of obtaining credit, which contained the following provision: "in consideration of credit extended and to be extended on the faith of my (or our) solvency as shown by this statement, I (or we) hereby waive and renounce for myself

(or ourselves) and family any and all homestead exemption rights under the laws of the United States, or of any State, as against the payment of any indebtedness now owing or hereafter existing in favor of the said Ragan, Malone & Co.; and this waiver shall apply to all property now owned or hereafter acquired by the undersigned." Thereafter, on September 9, they sold to Taff & Conyers a certain quantity of goods amounting to $767.60, upon which account, after applying all credits, there was due $632.12 principal. Prior to the giving of the statement by Taff and Conyers, in the years of 1905 and 1906, J. C. Taff had executed to them similar statements upon which they extended him credit. They prayed that they be allowed to intervene and participate in the fund derived from the sale of the goods sought to be exempted by the bankrupt. A demurrer was interposed, on the ground that under the facts alleged J. C. Taff had not waived his right to a homestead in favor of intervenors. The court dismissed the intervention, and the intervenors excepted.

*Paul F. Akin*, for plaintiffs. *J. M. Neel, O. T. Peeples*, and *Thomas W. & Watt H. Milner*, for defendants.

EVANS, P. J. (After stating the foregoing facts.) The constitutional and statutory rights of homestead and exemption are intended to reserve to a debtor, for a limited time, the use and enjoyment of a certain amount of his property from the processes of his creditors. It may not be necessary that an applicant for a homestead be a debtor; yet, as the homestead exemption only serves as a barrier against creditors, it is hardly supposable that one who does not owe any debt will ever apply for an exemption or homestead in his property. In making provision for notice to creditors, both the constitution and statutes contemplate that the applicant is in debt, and is seeking protection from his creditors. Under the constitution of 1868 the debtor could make a special waiver, but was not allowed to defeat his right of homestead by a general waiver. A general waiver was pronounced void as being opposed to public policy, in *Stafford* v. *Elliott*, 59 *Ga.* 837. The constitution of 1877 (Civil Code, § 5914) declares that "the debtor shall have power to waive or renounce in writing his right to the benefit of the exemption provided for," except $300 of household and kitchen furniture and provisions. It is further provided in this constitution (Civil Code, § 5916) that the "debtor" shall have au-

thority to waive the benefit of the exemption known as the short homestead. The General Assembly at its first session after the promulgation of the constitution enacted that "Any debtor may, except as to wearing apparel and three hundred dollars worth of household and kitchen furniture, and provisions, waive or renounce his right to the benefit of the exemption provided for by the constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper." Civil Code, § 2863. It will thus be seen from the object and purpose of the homestead and exemption allowance, as well as from the phraseology of the organic and statute law, that it is essential that the relation of creditor and debtor shall subsist before a valid waiver of homestead shall be effective. A mere written declaration to the public, or to one not a creditor, that the declarant waives all benefit of the homestead laws, would be no more effectual to deprive him of afterwards changing his mind than if the renunciation was of any other law designed for individual protection and benefit, such as the usury law, the statute of limitations, and the like. Such a renunciation would be purely voluntary. In order to bind the debtor by the waiver he must either have incurred the debt or contracted for it at the time of the waiver. Suppose a debtor gave his note to his creditor and in the note he renounced his right of homestead generally, without reference to the particular debt evidenced by the note, can any one contend, should the maker subsequently become indebted to the payee upon a distinct matter, that the homestead waiver in the note would bar the debtor of his right to a homestead as against the subsequent debt? We think not. We do not mean to say that the debtor must have received the entire consideration of the debt before he can waive his right of homestead, but only that the relation of debtor and creditor with respect to a specific debt must exist between the parties before one can hold the other bound by his waiver. To illustrate, if a customer arrange with his merchant that the latter shall sell to him a certain amount of goods, and give his obligation therefor, containing a waiver of homestead, such waiver would prevent the customer from asserting against his contract with the merchant a homestead subsequently set aside, though the goods were

furnished under such contract after the execution of the waiver. The case at bar is not like this illustration. . Here a retail merchant gave to a wholesale merchant a statement of his financial condition, which contained a general waiver and renunciation of his homestead rights. The retail merchant did not order the goods at the time he gave this statement, nor did the wholesale merchant contract at that time to sell him any goods. There was absolutely no privity of contract between them. The goods were sold six months thereafter on open account, and we do not think the homestead waiver in the statement prepared for credit barred the retail merchant from applying for a homestead as against debts subsequently contracted.

*Judgment affirmed.    All the Justices concur, except*

HOLDEN, J., dissenting. Taff & Conyers made to Ragan, Malone & Company a statement of their financial condition, wherein it was stipulated, according to the proper construction of the statement, that they waived and renounced any and all homestead and exemption rights as to any debt they might create in favor of Ragan, Malone & Co., by reason of the latter extending credit to them on the faith of such statement. Ragan, Malone & Co. afterwards extended credit to Taff & Conyers on the faith of such statement, and the waiver in the statement was valid as against the debt thus created. It is true that the relation of debtor and creditor did not exist between the parties until Ragan, Malone & Co. sold the goods to Taff & Conyers. When the goods were sold on the faith of the statement, the stipulations therein became a part of the contract; and as far as the agreement therein waiving all homestead and exemption rights was concerned, it had the same effect as if it were made at the time the goods were sold and the contract creating the indebtedness was made. ' Such agreement waiving homestead and exemption rights became a part of the contract whereby Taff & Conyers became a debtor of Ragan, Malone & Co. by reason of the latter selling the former on the faith of the statement, and the waiver was binding. I can not concur in the views of the majority of the court, and must dissent therefrom.