### COFFEY *v.* MITCHELL *et al.*

HILL, J. 1. The mere fact that a creditor holds the note of his debtor, which contains a waiver of exemption rights, does not give the creditor any lien, equitable or otherwise, on property of the debtor which he has scheduled in bankruptcy and asked that it be set apart as exempt. See *Bowen* v. *Keller*, 130 *Ga.* 31, 34 (60 S. E. 174, 124 Am. St. R. 164).

2. No relief being sought as against the bankrupt defendant other than a special judgment fixing a lien on the property which he was seeking to have set apart as an exemption in bankruptcy, and it not appearing that any exemption had actually been set apart, but only applied for, the petition stated no ground for equitable relief.

(*a*) Whether or not protective injunction might be asked, pending application for an exemption and before its actual assignment, to prevent its reception by the debtor, is not now before us for decision.

3. A creditor can join in one action two joint obligors on a promissory note, and seek a general judgment against one, although he may only pray for some special relief as to the other.

4. The petition should have been retained as to H. W. Mitchell, and the court erred in dismissing it on general demurrer.

5. The grounds of demurrer not specially dealt with were either speaking in character or were otherwise without merit.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
FEBRUARY 12, 1913.

Complaint. Before Judge Ellis. Fulton superior court. September 11, 1911.

*Horton Brothers & Burress,* for plaintiff.

*John W. Cox* and *Burton Cloud,* for defendants.