MORRIS FERTILIZER COMPANY *v.* WHITE, McCURDY & COMPANY *et al.*

1. Where an insolvent person, on a petition by creditors, was adjudicated a bankrupt, and he prayed that property be set apart to him as exempt under the constitution and homestead laws of this State, he had an assignable interest in the property claimed by him to be exempt, and it was lawful for him to assign the property in good faith in settlement of a pre-existing debt; and this assignment could be made either before or after the exemption was set apart by the trustee.   Such an assignment would be superior to a subsequently rendered judgment on a homestead-waiver note executed prior to bankruptcy.

(a) The request to review and overrule *Pincus* v. *Meinhard,* 139 *Ga.* 365, *Taylor* v. *Williams,* 139 *Ga.* 581, *Hardee* v. *Bank of Donalsonville,* 144 *Ga.* 289, and *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445, is denied.

2. The judgment was authorized by evidence.

No. 3978.   April 17, 1924.

Equitable petition.   Before Judge Hodges.   Madison superior court.   August 20, 1923.

*Z. B. Rogers,* for plaintiffs.

*S. C. Upson* and *Berry T. Moseley,* for defendants.

GILBERT, J.   The sole question in this case is whether an assignment by a bankrupt of property exempt under the homestead laws

of this State is valid as against a judgment of creditors based on homestead-waiver notes. The trial judge, to whom the case was submitted to be determined without the intervention of a jury, decided that the assignment was valid, and that the assignees thereunder were entitled to the property.

1. The plaintiff in error insists that the judgment of the trial court is erroneous, for three reasons: First, because "a waiver of exemption in a note executed prior to bankruptcy is superior to an assignment of exemption subsequent to bankruptcy." Second, "because an exemption allowed in a bankruptcy court cannot be sold, assigned, or otherwise disposed of than by having the fund set apart by the ordinary of the bankrupt's county." Third, "the judgment below was contrary to law, contrary to the evidence, and without evidence to support it." The brief of counsel for plaintiff in error admits that this court has adjudicated this issue contrary to their contention, based on the second and third theories, in the following cases: *Pincus* v. *Meinhard,* 139 *Ga.* 365 (77 S. E. 82); *Taylor* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386); *Hardee* v. *Bank of Donalsonville,* 144 *Ga.* 289 (86 S. E. 938); *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445 (110 S. E. 229). They request that these cases be reviewed and overruled. This court is now thoroughly committed to the principles ruled in the above-cited cases, and the request to review and overrule them must be denied. See also *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86); *Norris* v. *Aikens,* 155 *Ga.* 488 (117 S. E. 248); *Joyner* v. *Bank of Menlo,* 156 *Ga.* 752 (120 S. E. 4); *Warren* v. *Reese,* 156 *Ga.* 824 (120 S. E. 534).

2. The third theory on which plaintiff in error contends that the judgment of the trial court is erroneous is that the same is contrary to law and to the evidence. It is insisted that the assignment was executed subsequently to the filing of the suit of complaining creditors, based on homestead-waiver notes; and also that the assignment was executed prior to the appointment of a receiver to take charge of the homestead-exemption property, which said appointment by the court was made on the petition of creditors who are assignees under the assignment in question. A petition was filed on January 9, 1922, alleging the bankruptcy of White, McCurdy & Co., and they were adjudicated bankrupts on January 26, 1922. They did not contest the proceeding, but admitted the

allegations of bankruptcy, and prayed that the court set aside to them the amount of their homestead exemption under the constitution and laws of Georgia. On January 24, 1922, two days before the adjudication of bankruptcy, a receiver was appointed, at the instance of Callaway Grocery Company et al., to whom the assignment in question was made, to take charge of the exempt property. On February 13, 1922, Morris Fertilizer Company et al., plaintiffs in error, filed a petition for injunction and other equitable relief, seeking to have the exempted property awarded to them as credits on their judgments based on homestead-waiver notes. The bankrupts assigned in writing all of their exempted property to Callaway Grocery Company and three other creditors, all holding waivers of homestead. The assignment itself is not dated, and the only evidence in regard to it is the testimony of S. C. Upson, attorney, who drew the instrument. His testimony on that point is as follows: "It was executed, to the best of my recollection, ten or fifteen days after the creditors' petition had been filed. They were in Athens to prepare their schedules; they filed them at one visit. I represented them in their bankruptcy cases; but these creditors that the bankrupt desired to prefer employed me in the State courts to get the exemption through. This was before the assignment. It was contemporaneous." It would appear that the reference by the witness to the "creditors' petition" meant the petition in bankruptcy filed in the Federal court, though the testimony on that question is not specific. Briefs of counsel so treat it, and we do likewise. Under the evidence this petition was filed on January 9, 1922. The witness testified that the assignment was executed ten or fifteen days after that date, which would make the execution date from January 19 to January 24, inclusive. Assuming that the last of these dates, to wit, January 24, was the correct date, it would appear that the assignment was executed on the same day that the receiver was appointed to take charge of the exempted property. However, what has been said on this subject is intended merely as a reply to the contention that the assignment was executed subsequently to the appointment of receiver. Under the authorities above cited, we do not think that question is important or could change the result, under the facts of this case. The assignment, under the evidence, was executed at a time when the bankrupt had the lawful right to assign the property. At the

time of the assignment the plaintiffs in error had not obtained any judgment awarding this property to them in payment of their demands. "Notes of his debtor which contain waivers of exemption rights do not give to the creditor any lien, equitable or otherwise, on the property of the debtor which he had scheduled in bankruptcy and which had been set apart to the bankrupt as a homestead exemption. *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561). If the creditor holding such notes fail to apply to the bankruptcy court for an order staying the grant of a discharge of the bankrupt until his right under the waivers of exemption in such notes could be enforced in the State court, and a discharge is granted to the bankrupt, such discharge will prevent the creditor from obtaining a judgment in rem against the exempted property and from subjecting it to his debt, such debt not falling within the exceptions specified in the bankruptcy act. *Bowen* v. *Keller* [130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164)]; *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602); *Valdosta Guano Co.* v. *Green,* 149 *Ga.* 610 (101 S. E. 538)." *Joyner* v. *Bank of Menlo,* supra. A homestead waiver in a note, upon which judgment is obtained, does not give to the judgment creditor right and title to the homestead. The waiver of homestead does not convey an estate. *Norris* v. *Aikens,* supra. Accordingly we hold that the judgment of the trial court upholding the validity of the assignment was authorized by the law and the evidence.

*Judgment affirmed. All the Justices concur.*