### BANK OF DONALSONVILLE *et al. v.* FRANK & CO.

It was not error to grant an injunction and appoint a receiver.

No. 4169.    FEBRUARY 21, 1925.

Equitable petition. Before Judge Yeomans. Seminole superior court. December 21, 1923.

*House & Goree,* for plaintiffs in error.

*Franklin & Langdale,* contra.

RUSSELL, C. J. On May 12, 1923, H. W. Eagerton, as principal, and P. L. Morris, as security, executed a promissory note for $1000 payable to the Bank of Donalsonville. The note contained the clause that "each of us . . hereby severally waives and renounces, each for himself and family, any and all homestead and exemption rights either of us or the family of either of us may have under and by virtue of the constitution or laws of Georgia or any other State or the United States, as against this debt or any renewal thereof." Subsequently H. W. Eagerton executed eight promissory notes dated June 1, 1923, aggregating $815, payable to Frank & Company. Each of these notes contained a clause of homestead waiver similar to that which was contained in the note to the Bank of Donalsonville, and the further clause: "For and in consideration of $1.00 cash, and the further consideration of renewing our indebtedness to the payee of this note, each of us hereby sells, assigns, and conveys to the owner of this note a *sufficient amount of my or our homestead and exemption to pay this note in full, principal and interest, attorney's fees, and costs,* and I or we hereby request and direct the trustee to deliver to the owner of this

note *a sufficient amount of property or money claimed as exempt to pay this debt.*"　After these notes were made, to wit, on October 16, 1923, Eagerton was adjudicated a bankrupt, and specific property consisting of realty and personalty was set apart by the trustee in bankruptcy as a homestead for the bankrupt on November 3, 1923; and on November 16, 1923, the order setting apart the homestead was confirmed by the referee in bankruptcy.　On November 14, 1923, Eagerton executed a deed to the Bank of Donalsonville and P. L. Morris, which was duly recorded in Seminole County on November 15, 1923, and in Decatur County on November 29, 1923. The deed purported, in consideration of $500 the receipt of which was acknowledged, to sell and convey to the Bank and Eagerton's security, P. L. Morris, "all of his stock of dry goods, notions, etc., consisting of cloth, clothing, hats, shoes, and various notions of all kinds, crockeryware, aluminum ware, glassware, and all other goods of whatsoever kind and character, now located in a brick store house belonging to E. Rich, located in the City of Donalsonville, Georgia, on the north side of Second Street, together with all of the fixtures located in said building, such as desk, tables, show-cases, chairs, stove, scales, typewriter, cash-register, and any and all other fixtures located in said house, together with all of the notes, accounts, choses in action of whatever kind or character, together with all right, title, interest, claim, or demand he has in and to one certain option on a house and lot situated in the town of Donalsonville, Georgia, and being the house and lot wherein grantor and his family reside, together with all right, title, and interest, claim or demand he has in and to three head of cows, also all right, title, interest, claim and demand the said Henry W. Eagerton has in and to the estate of Nancy E. Eagerton, consisting of land located in Decatur County, Georgia.　All of said property being the property set apart as an exemption to the said Henry W. Eagerton, bankrupt, in bankruptcy in the District Court of the United States for the Southern District of Georgia, Southwestern Division.　The same being set apart by James F. McCrackin, referee in bankruptcy, and notice thereof having been issued on November 6, 1923. To have and to hold all of the above-described property to the said Bank of Donalsonville and P. L. Morris, its successors and assigns forever, in fee simple."　At the time of taking this deed the Bank of Donalsonville did not have any notice of the clause in the note

held by Frank & Company relating to assignment of homestead. On the petition of Frank & Company an injunction against disposal of the property was granted, and a receiver was appointed to hold the property and its proceeds until further order. .

This case, as to the right of the bankrupt to assign his homestead, is controlled by the ruling in *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86), in which an assignment identical with the one in the present case was passed upon and held to be valid. The decision above referred to has been followed in *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692). The judge did not err in granting the injunction.

<em>Judgment affirmed. All the Justices concur.</em>

BECK, P. J., concurring. In the case of *Saul* v. *Bowers,* 155 *Ga.* 450, I dissented from the ruling of the court, which is controlling in this case, but afterwards yielded my views, as is shown by the unanimous opinion in the case of *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38.