## PETTETT *v.* THOMPSON.

HINES, J. Thompson filed against Pettett a petition for injunction and receiver. He alleged that Pettett was indebted to him upon four notes, of the aggregate sum of $487, that these notes contained waivers of homestead, that Pettett had been adjudged a voluntary bankrupt, and that Pettett had applied to have set aside as a homestead certain specific articles of personalty and a tenth interest in a described tract of land. He prayed that a receiver be appointed to take charge of and sell the property which Pettett so sought to have set aside as a homestead, and apply the proceeds to the payment of his notes, and that Pettett be enjoined from receiving said property from the trustee in bankruptcy. The defendant demurred to the petition, upon the grounds, (1) that it set forth no cause of action, and (2) that it set forth no matter entitling the plaintiff to the equitable relief sought. He demurred specially on various grounds. He urged his general and special grounds of demurrer

Bankruptcy, 7 C. J. p. 366, n. 45 New.
Injunctions, 32 C. J. p. 368, n. 52.

as a reason why the court should not grant the injunctive relief sought by the plaintiff. The court made no formal ruling upon the demurrers. The defendant filed his answer in which he admitted that he was a resident of Gordon County, the indebtedness to the plaintiff as alleged in the petition, that he had failed to pay the same, and that he had been adjudged a voluntary bankrupt. He denied the other substantial allegations of the petition, except that he had applied for a homestead and exemption, but he denied that the same was correctly set forth in the petition. The petition and answer were duly verified.

On the hearing of the application for injunction the plaintiff was sworn as a witness in his own behalf. He testified that he was present and heard the defendant testify before the referee in bankruptcy as to the value of the articles claimed by him as exempt, and that the defendant testified to the value of the articles as given in the petition, but that some of these articles were of greater value than that given by the defendant. Plaintiff admitted that he had proved his claim in the bankrupt court, and that the same had not been withdrawn. The notes of the defendant to the plaintiff were introduced in evidence. The plaintiff introduced in evidence his sworn petition. The defendant introduced no evidence. The trial judge enjoined the defendant from receiving from the trustee in bankruptcy any property claimed as exempt, except three hundred dollars worth of household and kitchen furniture, wearing apparel and provisions, to be valued by the trustee and approved by the referee. To this judgment the defendant excepted upon the grounds that it is void for uncertainty, and is contrary to law and the evidence. *Held:*

1. A creditor holding notes, with waivers of homestead, of his debtor who has been adjudged a bankrupt and who has applied in the bankrupt court for a homestead of realty and an exemption of personalty, can file an equitable petition against his debtor, in which he seeks to enjoin him from receiving from the trustee in bankruptcy such homestead and exemption when the same is set apart, and to have a receiver appointed to take charge thereof, sell the same and have the proceeds applied to the payment of his notes; and he can do this before the homestead and exemption has been actually set aside by the bankrupt court. The creditor can not finally subject such property until it has been set apart as a homestead and exemption, and the right to have the property taken possession of by the receiver will depend upon its being set apart by the bankrupt court. *Peppers* v. *Cauthen,* 143 *Ga.* 229 (84 S. E. 477); *Joyner* v. *Bank of Menlo,* 156 *Ga.* 750 (120 S. E. 4). Otherwise, the bankrupt might assign his interest in the property claimed by him as an exemption, and defeat such creditor. *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692); *Bank of Donalsonville* v. *Frank,* 159 *Ga.* 846, 848 (126 S. E. 832). The point now ruled was expressly left open in *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561).

2. In view of the above ruling, the petition was not subject to the general and special grounds of demurrer filed by the defendant.

3. The order granting the interlocutory injunction is not void for uncertainty.

4. Applying the above principles, the trial judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 5470. DECEMBER 17, 1926.

Injunction, etc. Before Judge Tarver. Gordon superior court. April 24, 1926.

*J. M. Lang* and *Y. A. Henderson,* for plaintiff in error.

*J. A. McFarland,* contra.