*Callaway & Howard, Colley & Wynne, Clement E. Sutton,* and *B. W. Fortson,* for defendants.

## FRANK & COMPANY *v.* WEINER.

No. 6679.  FEBRUARY 28, 1929.

894

*Jacob Gazan* and *Franklin & Langdale,* for plaintiff.
*A. J. McDonald* and *A: J. McDonald Jr.,* for defendant.

ATKINSON, J.   The controlling question is whether the waiver of homestead expressed in the statement by Weiner to Frank & Company is valid relatively to his present indebtedness.   There was an indebtedness on the account of two thousand dollars at the date of the waiver.   This was gradually discharged by the course of payments, which exceeded the amount of subsequent purchases. Consequently the present indebtedness represents debt incurred for purchase of goods after the alleged homestead waiver.   In the Civil Code ·(1910), § 3413, it is provided:   "Any debtor may, except as to wearing apparel and three hundred dollars' worth of household and kitchen furniture and provisions, waive or renounce his right to the benefit of the exemption provided for by the constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper."

In *Ragan* v. *Taff,* 134 *Ga.* 835 (68 S. E. 579), it was held:

"A general waiver of homestead only operates in favor of the specific liability referred to in the waiver or obligation containing the waiver. Such waiver may be stated in the contract of indebtedness, or contemporaneously therewith, or subsequently thereto in a separate paper. But a waiver of all homestead rights, in an application for a general line of credit, is not effectual to bar the debtor's right to homestead as against a debt thereafter contracted." In the opinion it was said: "In order to bind the debtor by the waiver, he must either have incurred the debt or contracted for it at the time of the waiver. Suppose a debtor gave his note to his creditor and in the note he renounced his right of homestead generally, without reference to the particular debt evidenced by the note, can any one contend, should the maker subsequently become indebted to the payee upon a distinct matter, that the homestead waiver in the note would bar the debtor of his right to a homestead as against the subsequent debt? We think not. We do not mean to say that the debtor must have received the entire consideration of the debt before he can waive his right of homestead, but only that the relation of debtor and creditor with respect to a specific debt must exist between the parties before one can hold the other bound by his waiver. To illustrate, if a customer arrange with his merchant that the latter shall sell to him a certain amount of goods, and give his obligation therefor, containing a waiver of homestead, such waiver would prevent the customer from asserting against his contract with the merchant a homestead subsequently set aside, though the goods were furnished under such contract after the execution of the waiver. The case at bar is not like this illustration. Here a retail merchant gave to a wholesale merchant a statement of his financial condition, which contained a general waiver and renunciation of his homestead rights. The retail merchant did not order the goods at the time he gave this statement, nor did the wholesale merchant contract at that time to sell him any goods. There was absolutely no privity of contract between them. The goods were sold six months thereafter on open account, and we do not think the homestead waiver in the statement prepared for credit barred the retail merchant from applying for a homestead as against debts subsequently contracted." In *Pincus* v. *Meinhard,* 139 *Ga.* 365 (77 S. E. 82), on different facts a different result was reached, but the priciple above

announced was recognized. It was there said: "A letter was written by a retail to a wholesale merchant, in which he ordered a specified bill of goods. Before accepting the order and shipping the goods, the latter wrote to the former, requesting a statement of his financial condition, which request was complied with. The statement contained, among other things, a waiver of homestead and exemptions. Upon receipt of this statement the wholesale merchant, partly on faith of the waiver, accepted the order and charged the bill of goods on his books to the purchaser, and commenced to manufacture and buy goods, and within a few weeks thereafter delivered them to the purchaser. *Held,* that the waiver of homestead was made contemporaneously with the offer to buy and its acceptance, and was a valid contract of waiver."

In *Levinson* v. *Rosenheim Shoe Co.,* 143 *Ga.* 584 (85 S. E. 764), it was said: "The question involved was whether a waiver of homestead was a mere general waiver, disconnected from the creation of an indebtedness, so as to fall within the ruling in *Ragan* v. *Taff,* 134 *Ga.* 835 (68 S. E. 579), or whether the waiver was made in connection with the creation of the indebtedness and contemporaneously therewith, within a proper construction of that expression as used in the Civil Code (1910), § 3413, so as to fall within the ruling in *Pincus* v. *Meinhard,* 139 *Ga.* 365 (77 S. E. 82). That question was submitted to the jury, who found that the waiver was valid. The evidence authorized such a finding." It can not be said in this case that the so-called waiver of homestead was contemporaneous with the contract of sale of the goods for the price of which it is sought to subject the property now claimed by the bankrupt as exempt. At the time of the financial statement made to Frank & Company there was no contract binding them to sell to Weiner. The waiver made at that time was valid as to the then indebtedness, but relatively to any future indebtedness which Weiner might incur upon a credit which Frank & Company might extend, but which they were not bound to extend, the waiver would not be contemporaneous with the creation of the debt within the meaning of the above-quoted code section, and would not be valid. It is urged that the language of the waiver in question was such as automatically to become operative as each subsequent purchase should be made, and that in this view the element of contemporaneousness required by the statute was supplied. This view does not comport with the

reasoning of Mr. Justice Evans in the case of *Ragan* v. *Taff*, supra. The judge did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*