SOUTHERN WHOLESALE CORPORATION *v.* PINCUS *et al.*

ATKINSON, J. A retail merchant, for the purpose of obtaining credit in the purchase of goods generally, made a financial statement to a corporation engaged in the business of a wholesale merchant, in which he stated that "as a part . . of any sale made by it to me, . . as against any indebtedness arising out of the sale and delivery to me . . of any merchandise by said [corporation], based on its faith in the truth of the within statement and on its reliance upon this waiver, . . I . . hereby waive and renounce for myself . . and family . . any and all homesteads and exemptions I . . may have under or by virtue of the constitution and laws of the State of Georgia. . . This waiver of homestead is hereby declared to be continuous in its character, and shall take effect and become operative contemporaneously with the creation and contract of indebtedness, whether evidenced by note or open account, to the same extent and as fully as though this waiver were executed concurrently with each extension of credit; and in consideration of $1.00 to me . . in hand paid, and in further consideration of credit extended to me . . based on this assignment of homestead and . . exemption, and as an additional inducement to said corporation for sales of merchandise to me . . now or hereafter, I . . hereby sell, assign, and convey to said corporation a sufficient amount of my . . homestead and . . exemption to pay

in full principal, interest, attorney's fees, and costs, of any indebtedness which I . . . may now or hereafter owe said corporation." At the time of delivery of the financial statement the retail merchant was indebted for goods bought from the corporation that were charged upon the open account, and continuously through a period of several months bought goods, and made occasional payments of specific invoices for goods that were included in the account. The retail merchant became insolvent, and in an involuntary bankruptcy proceeding in the United States District Court was adjudged a bankrupt. He made claim for a homestead exemption, consisting of a certain amount of cash and certain wearing apparel, which was duly set apart by the trustee in bankruptcy. In an equitable suit instituted in the superior court by the corporation, based on the above-described sales of goods and waiver of homestead and assignment of homestead, seeking to subject the cash set apart by the trustee in bankruptcy to payment of the account, another corporation intervened, declaring upon a homestead waiver and an assignment of property that might be set aside to the maker, made in a financial statement by the defendant to such other corporation, subsequently to that made to the plaintiff. All parties agreed that the last-mentioned waiver and assignment were valid; but the plaintiff insisted that its assignment, being senior, was entitled to the fund. The judge, trying the case by consent without a jury, found that the waiver of exemption of homestead and the assignment of property that might be set aside as exempt had reference to a general line of credit; that the payments made by the defendant extinguished all debts existing at the time of executing the financial statement; that the balance due the plaintiff represented a debt incurred for the purchase of goods after execution of the statement; and that as to the unpaid portion of the debt the waiver and assignment of the homestead exemption were void. Judgment was rendered for the intervenor for the amount of its debt to be paid out of the fund, and against the plaintiff for any amount. To this judgment the plaintiff excepted, and assigned error on the ground that it was contrary to law and the principles of justice and equity, and that the court should not have adjudged that the assignment of the homestead exemption to the plaintiff was void. *Held:*

1. "If a customer who is indebted to a merchant on an open account makes a written financial statement to the merchant, which expresses a waiver of homestead exemption relatively to his present indebtedness and to any future indebtedness that may be incurred on account of subsequent purchases of goods, but does not at the time agree to make purchases, and the merchant does not at the time bind himself to extend future credit, the homestead waiver expressed in the statement will not be contemporaneous with a subsequent contract of purchase resulting from a sale of goods wherein the merchant on faith of the waiver extends credit, and will not be a valid waiver as against the debt created by reason of the subsequently purchased goods." *Frank* v. *Weiner*, 167 *Ga.* 892 (147 S. E. 51); *Ragan* v. *Taff*, 134 *Ga.* 835 (68 S. E. 579). The foregoing deals with the question of waiver of homestead exemption, and is based upon the principle that in view of "the object and purpose of the homestead and exemption allowance," and "the phraseology of the

organic and statute law, . . it is essential that the relation of creditor and debtor shall subsist before a valid waiver of homestead shall be effective." *Ragan* v. *Taff*, supra.

2. The financial statement of the defendant to the plaintiff in the instant case contains (1) "a waiver of homestead exemption," and (2) an "assignment" of "a sufficient amount of my . . homestead . . and exemption," meaning property that might in the future be set apart to the debtor as exempt under the homestead laws of the State of Georgia, "to pay in full principal, interest, attorney's fees, and costs, of any indebtedness which I . . may now or hereafter owe said corporation."

3. Under the principle applied in the first division, the *waiver* of homestead exemption, so far as related to subsequent debts, was void; and to that extent the judge did not err in rendering judgment against the plaintiff.

4. The *assignment* to the plaintiff rests upon different principles, and is valid both as to existing indebtedness and debts for future sales when actually made to defendant, although the plaintiff was not bound to make them at the time of executing the financial statement. *Saul* v. *Bowers*, 155 *Ga.* 450 (117 S. E. 86); *Morris Fertilizer Co.* v. *White*, 158 *Ga.* 38 (122 S. E. 692); *Bank of Donalsonville* v. *Frank*, 159 *Ga.* 846 (126 S. E. 832); *Comer Bank* v. *Meador-Cauthorn Co.*, 160 *Ga.* 717 (128 S. E. 785); *Seagraves* v. *Couch*, 168 *Ga.* 38 (147 S. E. 61). It follows that the judgment is erroneous in so far as it fails to give effect to the assignment.

(a) A different ruling is not required by the decision in *Tribble* v. *Anderson*, 63 *Ga.* 31(3), 55, in which it was said: "The homestead right is a right in property, and to waive it in favor of a creditor is substantially the same thing as to convey it away—the same, certainly, in respect to putting the debtor in the power of the creditor," or the decisions in *Cleghorn* v. *Greeson*, 77 *Ga.* 343, and *Moseley* v. *Rambo*, 106 *Ga.* 597 (32 S. E. 638), citing with approval the foregoing language from *Tribble* v. *Anderson*, supra.

(b) In the instant case no question is made, as in the cases cited, as to the assignment being void on the ground that it was infected with usury.

(c) In *Norris* v. *Aikens*, 155 *Ga.* 488(2) (117 S. E. 248), it was said: "The waiver of homestead does not convey an estate." It is unnecessary (as contended in the instant case) to determine whether this is in conflict with the older cases last above cited, and whether it should yield to them.

(d) The language of the instant assignment brings the case within the principle of *Saul* v. *Bowers*, supra, and distinguishes it from *Silver* v. *Ridley-Yates Co.*, 166 *Ga.* 49 (142 S. E. 279), which itself distinguishes the *Saul* v. *Bowers* case.

5. The debt to plaintiff being more than the entire fund set apart in the bankruptcy proceedings to the bankrupt, the judge erred as against the plaintiff in awarding a portion of the fund to the intervenor on its junior assignment. *Judgment reversed. All the Justices concur.*

No. 8168. SEPTEMBER 17, 1931. REHEARING DENIED SEPTEMBER 26, 1931.

*Blalock & Blalock,* for plaintiff.

*S. F. Memory, S. Thomas Memory, Herbert W. Wilson,* and *Harry M. Wilson,* for defendants.