COPPEDGE *et al. v.* BRUCE, executrix, *et al.*

GILBERT, J. 1. "A discharge in bankruptcy under the act of 1898, as amended, does not affect the lien of a general judgment nor the lien of a mortgage obtained more than four months prior to the filing of the petition in bankruptcy, relatively to property set apart as exempt under the bankrupt's claim of homestead exemption, although holders of such liens may have proved their claims in bankruptcy." *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004) ; *Equitable Credit Co.* v. *Miller,* 164 *Ga.* 49 (2) (137 S. E. 771), and cit.

(*a*) The judgment lien of Bruce, obtained more than four months prior to the filing of the petition in bankruptcy, was not affected by such bankruptcy proceeding.

2. "The mere fact that a creditor holds the note of his debtor, which contains a waiver of exemption rights, does not give the creditor any lien, equitable or otherwise, on property of the debtor which he has scheduled in bankruptcy and asked that it be set apart as exempt. See *Bowen* v. *Keller,* 130 *Ga.* 31, 34 (60 S. E. 174, 124 Am. St. R. 164)." *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561).

(*a*) The note of T. L. Coppedge, though containing a homestead waiver, did not give him any superior right over the judgment lien, the assignment of the homestead property having been executed after the valid judgment lien had attached.

3. It follows from the foregoing rulings that the court did not err in rendering the judgment of which complaint is made.

*Judgment affirmed. All the Justices concur.*

No. 9527. JUNE 13, 1933. REHEARING DENIED JULY 14, 1933.

279

*H. C. Holland,* for plaintiffs in error.
*Stephens Crockett* and *Butler & McCollister,* contra.