25141.   Eibel *v.* Mechanics Loan and Savings Company.

Jenkins, P. J.   A debtor sold and assigned all his "homestead and exemption rights" to his creditor. Subsequently the bankruptcy court set apart, as an exemption to the debtor, his "equity" in an automobile, the legal title to which remained in a third person under the debtor's contract of purchase; also three bowling-alleys, which the debtor did not

acquire until after the assignment of his exemption. The creditor filed a trover action against the debtor, for the recovery of the automobile and the bowling-alleys, claiming "title" to all the properties. The debtor excepted to a judgment in favor of the creditor. *Held:*

1. "Personalty to which the owner has a right of possession in future, or a right of immediate possession, wrongfully withheld, is termed by the law a chose in action. Code of 1933, § 85-1801. "All choses in action arising upon contract may be assigned so as to vest the title in the assignee." § 85-1803; *Macon National Bank* v. *Smith,* 170 *Ga.* 332, 337 (153 S. E. 4). "The title to an exemption which may subsequently be set apart to a debtor by a court of bankruptcy is in him, and can be alienated and sold by him." *Pincus* v. *Meinhard,* 139 *Ga.* 365 (2), 373 (77 S. E. 82). This rule is based on the theory that although the debtor has no vested title or interest in his exemption at the time of its sale or assignment, he has a "chose in action" and a potential right in the nature of "a defeasible title," which, though it may later be divested by his own act or defeated in the bankruptcy court, is subject to assignment. Such an interest may be assigned in good faith to a creditor, not only before the exemption is set apart by the court, but even before the bankruptcy proceedings are instituted. *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (4) (138 S. E. 223); *Saul* v. *Bowers,* 155 *Ga.* 450, 455-456 (117 S. E. 86); *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445, 449 (110 S. E. 229); *Martin* v. *Citizens Bank,* 170 *Ga.* 180 (152 S. E. 234); *Warren County Fertilizer Co.* v. *Reese,* 156 *Ga.* 824 (120 S. E. 534); *Southern Wholesale Cor.* v. *Pincus,* 173 *Ga.* 421 (160 S. E. 377).

2. "A bare contingency or possibility can not be the subject of a sale, unless there exists a present right in the person selling to a future benefit." Code of 1933, § 96-102. In an executed sale, as distinguished from an executory contract to sell, where the instrument purports to make a present transfer of title, if the existence of the subject-matter is not then actual or complete, it must at least be so potential as to amount to a present right in the vendor to a future interest or benefit. But where the instrument is merely an executory contract to sell, "the parties may be bound, even though the subject-matter . . is known to have neither an actual nor a potential existence; provided the agreement is not merely speculative, but contemplates an actual future delivery of the thing bargained for." *Jones* v. *Fuller,* 27 *Ga. App.* 84 (5) (107 S. E. 544), and cit., including *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28).

3. The rule stated in the first paragraph, and dealt with in the decisions there cited, considered merely the assignability of the debtor's present right to a future exemption as a chose in action, the assignment of which vested in the assignee a good title. In none of the cases does it appear that the debtor had no title, right, or interest in the properties themselves at the time of the assignment. Such a title was assumed, since the debtor could not have held a "defeasible title," as was said in *Strickland* v. *Green* and *Saul* v. *Bowers,* supra, so that it would attach to property which he did not own, in which he did not have any "present" actual, potential, or even contingent, right, and which it was

not in the contemplation of the parties at the time of the assignment that he would own. Accordingly, as to the bowling-alleys involved in the instant action, a judgment for the defendant was demanded, since the undisputed evidence failed to show that the defendant assignor had any title, right, or interest whatever in such properties at the time of the assignment, but merely showed that he acquired them thereafter.

4. "While the mere right of possession of personal property, even if the holder has no valid title to it, gives him a right to maintain a suit in trover against a wrong-doer who has deprived him of that possession, yet where the plaintiff relies on his title to recover possession of the property, and his evidence shows that a paramount outstanding title to the property is in a third person, he can not recover." *Beverly* v. *Wilson*, 19 *Ga. App.* 393 (91 S. E. 515), and cit.; *Adams* v. *Morris*, 40 *Ga. App.* 598 (151 S. E. 59) ; *White* v. *Dotson*, 41 *Ga. App.* 436 (153 S. E. 233). "When the plaintiff *relies on title* to recover possession of personal property wrongfully withheld from him, he must show a legal title; a mere equitable title will not suffice." *Mitchell* v. *Ga. & Ala. Ry.*, 111 *Ga.* 760, 771 (36 S. E. 971, 51 L. R. A. 622) ; *Delaney* v. *Sheehan*, 138 *Ga.* 510, 513 (75 S. E. 632). The instant action being based solely on a claim of "title," and the undisputed evidence showing that the exemption, as set apart by the bankruptcy court, covered merely an "equity" in the automobile claimed, the legal title to which was vested in a third party under a contract of conditional sale, the judgment in favor of the defendant as to this item was error.

5. No question is raised, and no ruling could be made by this court, as to what, if any, equitable rights or remedies the plaintiff might have against the defendant, under the exemption assignment, with respect to any of the items claimed in this action.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 24, 1935.

*J. E. Garst,* for plaintiff in error. *Burress & Dillard,* contra.