KENT *v.* MAYOR AND COUNCIL OF ALAMO *et al.*

ATKINSON, Presiding Justice. On December 18, 1939, improved real estate was levied on as the property of a named person, and advertised to be sold to satisfy several tax fi. fas. for ad valorem taxes due to a municipality for the years 1932 to 1938, inclusive. On February 5, 1940, the property owner instituted an action against the municipality and its officers, seeking to have the tax fi. fas. declared void and canceled, and to enjoin the sale, on the basis of various attacks upon the validity of the executions and levies thereof, and the assessments of property upon which they were founded. At an interlocutory hearing, after introduction of evidence, the judge refused an injunction. To that judgment the plaintiff excepted. *Held:*

1. "A creditor of a municipal corporation is not entitled to an injunction

against the collection of his municipal taxes, on the ground that the municipality is indebted to him and has in its treasury a fund which could not legally be applied otherwise than by paying this debt, and which it refuses to pay until after the creditor discharges the claim against him for taxes." *Cartersville Waterworks Co.* v. *Cartersville*, 89 *Ga.* 689 (4) (16 S. E. 70). See *Tarver* v. *Dalton*, 134 *Ga.* 462, 469, (67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281). Under the foregoing principle, an offer by the taxpayer to pay all ad valorem taxes after credits are allowed him on a city warrant is not sufficient to constitute a tender.

2. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. One seeking relief against collection of municipal taxes on the ground of excessiveness of the levies, or for other cause, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought. *Pierce Trading Co.* v. *Blackshear*, 182 *Ga.* 649 (186 S. E. 721); *Aiken* v. *Armistead*, 186 *Ga.* 368, 387-388 (198 S. E. 237); *Clisby* v. *Macon*, 191 *Ga.* 749 (2) (13 S. E. 2d, 772).

3. On application of the foregoing principles to the pleadings and evidence in the instant case, the judge did not err in refusing an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

No. 13963. FEBRUARY 10, 1942.

*William B. Kent & Son,* for plaintiff.
*G. L. Hatlaway,* for defendants.