## PASS *v.* PASS.

156

No. 14304. November 12, 1942. Rehearing denied December 4, 1942.

*E. D. Kenyon* and *Wheeler, Robinson & Thurmond,* for plaintiff in error. *C. H. Edwards,* contra.

HEWLETT, Justice. ■ The first question for decision is, did the court err in overruling the demurrer? It is insisted, in the brief of counsel for the plaintiff in error, that the petition did not show on its face that the plaintiff, if entitled to a homestead, was entitled to such as against the execution which she sought to enjoin, because, first, it did not affirmatively appear that she had not

waived a homestead with reference to the judgment; and second, it was a proceeding in equity, and the plaintiff did not allege a tender before the time the suit was filed. The Code, § 37-104, declares: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." It has frequently been held that a plaintiff can not come into equity without first paying or tendering any amount admitted to be due. *Bigham* v. *Chamlee*, 148 *Ga.* 488 (97 S. E. 407); *Autry* v. *Southern Railway Co.*, 167 *Ga.* 136 (4) (144 S. E. 741); *Clark* v. *C. T. H. Corporation*, 181 *Ga.* 710 (11) (184 S. E. 592); *Woodward* v. *LaPorte*, 181 *Ga.* 731 (3) (184 S. E. 280); *Kent* v. *Alamo*, 193 *Ga.* 445 (2) (18 S. E. 2d, 769). It appears in the instant case, that although the plaintiff in the equitable proceeding was indebted to the defendant, the debt was in virtue of a separate note that was not due at the time the equitable suit was instituted, and nothing was alleged which, under the terms of this separate contract of indebtedness, would accelerate its maturity so as to authorize enforcement of its collection before the normal due date. In these circumstances it can not be held that the plaintiff would be required to make a tender before coming into equity; nor, even construing the petition most strongly against the pleader, can it be held that the plaintiff had waived a homestead with reference to the judgment held by the defendant. The petition alleged a cause of action, and the judge did not err in overruling the demurrer.

■ The next question for decision is, did the facts of the instant case authorize the judge to enjoin enforcement of the judgment pending the plaintiff's application for homestead. The constitution, art. 9, sec. 1, par. 1 (Code, § 2-7201), declares: "There shall be exempt from levy and sale by virtue of any process whatever under the laws of this State, except as hereinafter excepted, of the property of every head of a family, or guardian, or trustee of a family of minor children, or every aged, or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty, or personalty, or both to the value in the aggregate of sixteen hundred dollars." Art. 9, sec. 2, par. 1 (Code, § 2-7301), declares: "No court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property

set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon." It is provided by statute: "Every person seeking the benefit of exemptions provided in the constitution shall apply by petition to the ordinary of the county in which he shall reside, or in which minor beneficiaries reside where the application is made for their benefit, stating for whom the exemption is claimed; if by the head of a family, stating the names and ages of members of the family; if by a guardian or trustee of a family of minor children, stating the names and ages of the minor children; if by or for any aged or infirm person, stating the age of the person and the character of the infirmity; and if by a person having the care and support of dependent females, stating the names and ages of the females, and how dependent; and stating out of what and whose property exemptions are claimed, and complying with all the requirements of the laws for setting apart and valuation of homesteads and exemptions." Code, § 51-201. It is further provided: "Any debtor may, except as to wearing apparel and $300 worth of household and kitchen furniture and provisions, waive or renounce his right to the benefit of the exemption provided for by the constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper." § 51-1101. In *Allen* v. *Pearce*, 101 *Ga.* 316 (28 S. E. 859, 39 L. R. A. 710, 65 Am. St. R. 306), this court said: "While the term 'aged' as applied to human beings is not, for all purposes, susceptible of precise definition, and while it is not practicable to arbitrarily fix a period of life at which the condition of being 'aged' may be said to have certainly begun, it is safe to hold that a man sixty-six years old is entitled to an exemption of his property from levy and sale, under that clause of the constitution [Code, § 2-7201] allowing this right to 'every aged or infirm person.' This is true although the applicant may be 'a hale and hearty man.' "

In *Collier* v. *Simpson*, 74 *Ga.* 697, it was held: "When a homestead and exemption in bankruptcy was granted by the judge or

register in the federal court, such exemption is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof. . . If application for homestead and exemption be made in land, the fact that a prior levy has been made will not prevent the grant of the homestead or exemption in the property before sale, or from the proceeds in court after sale." In *Whittle* v. *Samuels,* 54 *Ga.* 548 (2), it was held: "The policy of our law is not to alienate homesteads, and the statutes relating thereto will be strictly construed, and the rights of the purchaser will be closely watched and never enlarged." On page 550, it was said: "The great object is to secure a fixed home for the family, and it is not the policy of the law to encourage the alienation of that home."

In *Bennett* v. *Trust Company of Georgia,* 106 *Ga.* 578 (32 S. E. 625), the court said that the statutory homestead could not be taken in property which did not belong to the head of the family. This case is distinguishable from the case now before us, because the applicant for homestead there was a married woman living at the time with her husband and minor children, and she attempted to have the homestead from her property, but not on the ground that she was an aged person as in this case. In *Lowry* v. *Williams,* 47 *Ga.* 387, it was held that the discretion of the court in granting or refusing an injunction involving a homestead will not be disturbed. In *Frank* v. *Weiner,* 167 *Ga.* 892 (147 S. E. 51), it was held: "If a customer who is indebted to a merchant on an open account makes a written financial statement to the merchant, which expresses a waiver of homestead exemption relatively to his present indebtedness and to any future indebtedness that may be incurred on account of subsequent purchases of goods, but does not at the time agree to make purchases, and the merchant does not at the time bind himself to extend future credit, the homestead waiver expressed in the statement will not be contemporaneous with a subsequent contract of purchase resulting from a sale of goods wherein the merchant on faith of the waiver extends credit, and will not be a valid waiver as against the debt created by reason of the subsequently purchased goods."

In *Ragan* v. *Taff,* 134 *Ga.* 835 (68 S. E. 579), it was held: "A general waiver of homestead only operates in favor of the specific liability referred to in the waiver or obligation containing the

waiver. Such waiver may be stated in the contract of indebtedness, or contemporaneously therewith or subsequently thereto in a separate paper. But a waiver of all homestead rights, in an application for a general line of credit, is not effectual to bar the debtor's right to homestead as against a debt thereafter contracted." See *Southern Wholesale Corporation* v. *Pincus,* 173 *Ga.* 421 (160 S. E. 377), where a distinction was drawn between, first, "a waiver of homestead exemption," and second, an "assignment" of a "sufficient amount" of the "homestead . . and exemption," meaning property that might in the future be set apart to the debtor as exempt under the homestead laws of the State of Georgia, "to pay in full principal, interest, attorney's fees, and costs, of any indebtedness."

In the instant case the note purchased by defendant contained a waiver of homestead exemption, but did not contain such an assignment of the homestead as referred to in the *Pincus* case supra. Applying the principles stated above, the homestead waiver contained in the note purchased by the defendant did not cause such waiver to become a part and effect of the judgment that the defendant was seeking to enforce. After the equitable proceeding was instituted, and after the court had acquired jurisdiction, the note containing a homestead waiver became due. The judge in seeking to do complete justice, which it was his duty to do under the Code, § 37-105 (*Irons* v. *American National Bank,* 178 *Ga.* 160 (5 *d*), 172 S. E. 629), caused the interlocutory injunction to be conditioned upon the plaintiff paying such amount into court, which was done. Under the pleadings and the evidence, the court was authorized to find that the plaintiff was entitled to an interlocutory injunction restraining enforcement of the judgment pending her application for a homestead.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*