WILSON *v.* MCATEER *et al.*

HEAD, Justice. 1. The plaintiff seeks cancellation of his note to the bank, which was paid by the indorser, McAteer, and transferred to him by the bank. The plaintiff does not allege that he has paid or tendered to the defendant McAteer the amount of his note to the bank, plus interest, nor are any facts alleged to show that a tender, if made, would be refused by the defendant. "He who would have equity must do equity." Code, § 37-104. Equity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused. *Miller* v. *Cotten, 5 Ga.* 341 (6); *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666 (5) (35 S. E. 82); *Ansley* v. *Hightower,* 120 *Ga.* 719 (4) (48 S. E. 197); *Walker* v. *Walker,* 139 *Ga.* 549 (7-c) (77 S. E. 795); *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (5) (117 S. E. 747); *Woodward* v. *LaPorte,* 181 *Ga.* 732 (3) (184 S. E. 280); *Pass* v. *Pass,* 195 *Ga.* 155, 160 (23 S. E. 2d, 697).

2. Under the foregoing ruling, the plaintiff was not entitled to the relief of cancellation; and not being entitled to this relief, his petition failed to state a cause of action for any of the relief prayed. The court did not err in sustaining the general demurrers.

*Judgment affirmed. All the Justices concur.*

No. 17034. APRIL 10, 1950. REHEARING DENIED MAY 11, 1950.

*W. George Thomas* and *Frank E. Blankenship,* for plaintiff.
*Fine & Efurd,* and *Frank L. Conner,* for defendants.